# Richmond

## WALTER PEAK V. COMMONWEALTH OF VIRGINIA.

November 21, 1938.

Record No. 2027.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

536

The opinion states the case.

*John T. DeHart,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Walter E. Rogers, Special Assistant,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

This prosecution rests upon a warrant which charged that Walter Peak operated and conducted a common nuisance in violation of Virginia Code 1936, section 4675 (55). He was tried before the police justice of the city of Bristol. The judgment of the police justice is endorsed upon the warrant, and reads as follows:

"JUDGMENT.

"Upon the evidence heard, Walter Peak is hereby dismissed of the within charge of maintaining a common nuisance and is sentenced to 30 days in jail, and fined $100 and $9.25 costs.

"This the 9 day of March, 1938.

"Premises occupied by Walter Peak at No. 200 Spencer St., Bristol, Va., ordered padlocked at expiration of 3 days from date.

"ROBERT B. DAVIS,
Police Justice.

"Appeal noted this 9 day of Mch. 1938, by John T. DeHart.

"$500 bond; and Virgil Harshbarger and ............,
Bondsmen."

The warrant with the above endorsement, together with
the appeal bond, was duly returned and filed with the clerk
of the Corporation Court of the city of Bristol. Upon his
trial there, Peak pleaded not guilty. A jury was waived,
and the judge of the trial court, after hearing the evidence,
found the accused guilty. The judgment was that the de-
fendant should be confined in jail for thirty days, pay a
fine of $100 and costs, and that the premises occupied by
him should be closed and padlocked. From this judgment
Peak has appealed.

Peak here complains that the corporation court erred in
trying him upon a charge of a misdemeanor for which he
had already been tried and acquitted, and that the evi-
dence is not sufficient to sustain a conviction.

The Commonwealth contends that a clerical mistake was
made in the use of the word "dismissed" instead of "con-
victed" in the judgment of the police justice, since a sen-
tence was imposed; and that upon the appeal and a trial
*de novo*, the evidence was sufficient to sustain a conviction.

 Upon the face and in the state of the record, the
position of the Commonwealth is untenable.

The warant in this case, with the endorsement of the
judgment thereon, and the appeal bond constitute the entire
record, and only record, of the trial in the police court.
Virginia Code 1936, sections 3106 and 4989; *Eddy* v. *Com-
monwealth*, 119 Va. 873, 89 S. E. 899.

The only evidence before us is that taken upon the trial
in the corporation court. Nowhere therein, nor in the
proceedings in the corporation court, does it appear that
any reference whatever was made by the defendant, or by
the Commonwealth, to the language of the judgment of the
police justice dismissing the charge contained in the war-
rant. No mention of any clerical mistake is made. The
record of the trial before the police justice is unimpeached.

The case, therefore, presents a novel and unusual situation. No case has been cited to us exactly similar in the facts, and we have been able to find none by an independent research.

The case of *Childers* v. *Commonwealth, ante,* page 456, 198 S. E. 487, decided by this court on September 9, 1938, is similar in some respects. There it was held that where a verdict or judgment amounted to one of not guilty, no costs could be imposed upon the defendant.

■ In cases of this class, exclusive original jurisdiction is conferred by Virginia Code 1936, section 4987, upon the police justices of the several cities of the State. In such cases, no consent or waiver on the part of the accused can confer, either originally or after an acquittal, jurisdiction on the corporation courts of cities. *Eddy* v. *Commonwealth, supra.*

■ Here the judgment of the police justice was the very gist and heart of the record before the corporation court. The dismissal of the charges on its face was a dismissal of the proceedings against the accused by a court having power and jurisdiction to try the alleged offender. The judgment further disclosed that a trial had been had on the merits and facts. The dismissal of the proceedings was in measure and in fact an acquittal. There was nothing left upon which a punishment could be based.

■ In Virginia, no appeal lies to the Commonwealth in any criminal prosecution except in revenue cases. *Commonwealth* v. *Perrow,* 124 Va. 805, 97 S. E. 820; Virginia Code 1936, section 4773; Virginia Constitution, sections 8 and 88.

■■ The defendant was the only party who could appeal, as in the *Childers Case, supra.* He either had to go to jail or appeal. That he might have sued out a writ of *habeas corpus,* if he had been imprisoned under the judgment of the police justice, should not deprive him of the right to appeal from an erroneous order or judgment of imprisonment.

██ Certainly, one acquitted after trial before a competent tribunal ought not in the same verdict or judgment of acquittal be required to suffer imprisonment for the alleged commission of the offense of which he has been acquitted.

 It is true that a trial *de novo* is had upon an appeal from a conviction by a police justice. It is equally true that there cannot be a trial *de novo*, or otherwise for the same offense after an acquittal by a court having authority and jurisdiction to try the offense.

██ As we have stated, there is nothing in the evidence or in any plea specifically referring to the language in the judgment of the police justice. No formal pleas, in writing, are required on an appeal from a police justice. Virginia Code 1936, sections 4990 and 6036. Nor is it generally necessary, in pleading, to allege any fact which already appears upon the record in the same cause and in the same proceeding. It is the duty of a court to take cognizance of the entire record of the case before it. *State* v. *Cross,* 44 W. Va. 315, 29 S. E. 527.

The situation here is wholly different from that where the fact or record relied on is in another proceeding, in the same or another court. It is difficult to understand how the judgment of the police justice can be read and his conclusion not observed.

██ This case bears no relation to those cases which permit of amendments to warrants defective in form. The defect here is neither in the warrant, nor in the form of the warrant. We are dealing with a judgment and not with defects in a warrant. There is no evidence in the record to show that the police justice made a clerical error in using the word "dismissed" in his judgment instead of the word "convicted." Even though he made such error, he could not have corrected it after his judgment became final, or after it was certified to the corporation court. Nor could the corporation court substitute the word "convicted" for the word "dismissed" upon the transfer to that court.

No man may be tried for a criminal offense in this Commonwealth except upon an indictment, information, presentment, or warrant. Our courts cannot alter the language of the judgment of a justice so as to change an acquittal to a conviction, in order to secure a trial *de novo*. If the warrant, upon which an accused has been tried, has been dismissed, it is as fatally defective for further proceedings thereon as is an indictment upon which there has been returned not a true bill. *Commonwealth* v. *McKinney*, 8 Gratt. (49 Va.) 589; *Simmons* v. *Commonwealth*, 89 Va. 156, 157, 15 S. E. 386; *Commonwealth* v. *Cawood*, 2 Va. Cas. (4 Va.) 527.

In view of our conclusions, we deem it unnecessary to discuss the evidence, or any other question in this case. Suffice it to say that the evidence before the corporation court was conflicting, although there was testimony both as to the maintenance of a nuisance and one instance of a sale of whiskey. We do not know whether the evidence was the same before the police justice. We cannot speculate upon what evidence he had before him, what he had in mind, what he intended to be his judgment, or upon what he based his conclusion. We are required to stand by the record as made and unimpeached. We do know that a dismissal of the charges against the accused after a trial upon the merits was equivalent to an acquittal.

We are of opinion that the judgment of the trial court should be reversed, and that Walter Peak should be dismissed from further prosecution under the warrant, because it appears from the record that he has been heretofore acquitted. It is not competent for this court to alter, or amend, the record in that respect.

The judgment of the trial court is reversed, and this case is remanded to the trial court, with the direction that the defendant be dismissed from further prosecution, penalty, or imprisonment under the warrant issued against him.

*Reversed and remanded.*