# Richmond

RICHARD HAROLD BASS v. COMMONWEALTH OF VIRGINIA.

December 6, 1968.

Record No. 6857.

Present, All the Justices.

*Erwin S. Solomon* (*Ralph L. Lincoln*, on brief), for plaintiff in error.

*M. Harris Parker, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

Richard Harold Bass, the defendant, was arrested by a state trooper on January 6, 1967, and charged in a warrant with unlawfully operating "a motor vehicle over the highways of this State while under

the influence of intoxicants or self administered drugs." Code, § 18.1-54.

The defendant was tried on the warrant in the county court and was acquitted of the charge of driving under the influence. He was, however, found guilty of impaired driving and was fined $100.00.

The defendant appealed the case to the circuit court, and there entered a plea of not guilty to the charge of impaired driving. His counsel then moved to quash the warrant. The motion was denied, and the case was presented to the jury on the charge of impaired driving. The jury found the defendant guilty and fixed his punishment at a fine of $275.00. The trial court approved the jury's verdict, imposed the fine, and suspended the defendant's driving privileges for a period of six months. The defendant was granted a writ of error.

The defendant first contends that the trial court erred in denying his motion to quash the warrant. The motion was based, as is the contention here, upon the proposition that the terms of the impaired driving statute, Code, § 18.1-56.1,[1] did not permit his prosecution in circuit court upon a charge of impaired driving.

The defendant relies upon the last sentence of the second paragraph of Code, § 18.1-56.1, which provides that "[n]o person shall be ar-

---

[1] "§ 18.1-56.1. *Driving automobile, engine, etc., while ability to drive is impaired by alcohol.*—It shall be unlawful for any person to drive or operate any automobile or other motor vehicle, car, truck, engine or train while such person's ability to drive or operate such vehicle is impaired by the presence of alcohol in his blood. A person's ability to drive or operate such a vehicle shall be deemed to be impaired by the presence of alcohol in his blood within the meaning of this section when such person has so indulged in alcoholic intoxicants as to lack the clearness of intellect and control of himself which he would otherwise possess.

"In every prosecution under § 18.1-54 of this Code or any similar ordinance of any county, city or town the offense with which the accused is charged shall be deemed to include the offense punishable under this section; and whenever in any such prosecution it appears that the amount of alcohol in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of the accused's blood in accordance with the provisions of § 18.1-55.1 is as much as 0.10 but less than 0.15 percent by weight it shall be presumed that the ability of the accused was impaired within the meaning of this section. No person shall be arrested, prosecuted or convicted for violation of this section except as a lesser included offense of a prosecution for violation of § 18.1-54 or of any similar ordinance of any county, city or town.

"Every person violating the provisions of this section shall be guilty of a misdemeanor and punished as provided in § 18.1-9 of this Code; provided, that in addition to such punishment, upon every such first conviction the judge shall suspend the right of the accused to operate any motor vehicle upon the highways of this State for a period of six months, and upon any second or subsequent such conviction, within a period of five years such suspension shall be for a period of twelve months. (1966, c. 636.)"

rested, prosecuted or convicted for violation of this section except as a lesser included offense of a prosecution for violation of § 18.1-54. . . ."

The defendant argues that the quoted sentence of Code, § 18.1-56.1 applies to all trials, not just the original trial in county court, and makes it a prerequisite to a conviction of impaired driving in any court that the prosecution therein be for a violation of the driving under the influence statute; that his trial in the circuit court was *de novo*, and he could have been convicted of impaired driving in that court only if there prosecuted on a charge of driving under the influence; and that since he had been already acquitted of driving under the influence in the county court, he could not have been prosecuted again therefor in the circuit court, and hence should not have been there prosecuted for or convicted of impaired driving.

We are of opinion that the trial court properly denied the defendant's motion to quash the warrant. A logical analysis of Code, § 18.1-56.1 does not permit the interpretation sought by the defendant —an interpretation requiring the automatic dismissal of every charge of impaired driving reaching a court of record on appeal. Such an interpretation would render the statute a virtual nullity, thwarting the obvious legislative purpose sought to be achieved by its enactment.

The first paragraph of Code, § 18.1-56.1 creates and defines the offense of impaired driving. The first sentence of the second paragraph of the section provides that in every prosecution under Code, § 18.1-54, the driving under the influence statute, "the offense with which the accused is charged shall be deemed to include the offense punishable under this section." The last sentence of the same paragraph provides that "[n]o person shall be arrested, prosecuted or convicted for violation of this section except as a lesser included offense of a prosecution for violation of § 18.1-54. . . ."

The language of Code, § 18.1-56.1 makes it clear that impaired driving is a lesser offense included within the driving under the influence statute and punishable in any case arising under the latter statute where the evidence is insufficient to sustain the greater charge but is sufficient to sustain the lesser. It is just as clear that all the legislature sought to insure by the last sentence of the second paragraph of Code, § 18.1-56.1 was that no arrest, prosecution, or conviction should emanate from an original charge of impaired driving, independent of and separate from a charge of driving under the influence.

But when a person is charged originally with driving under the influence, he may be convicted of the lesser offense of impaired driving

rather than the greater offense, if the circumstances warrant, at his trial in a court not of record or on his appeal of right to a court of record, notwithstanding his acquittal in either court of the greater offense.

Here, the defendant was arrested for and charged in a warrant with driving under the influence. Code, § 18.1-56.1 became applicable, therefore, to permit his conviction of impaired driving in county court. While the trial of the lesser offense on appeal was *de novo*, it was proper for the trial judge to look at the warrant to see that the original charge was driving under the influence and to hold that the defendant should stand trial for impaired driving.

■ The defendant's next, and final, contention is that the definition of impaired driving contained in Code, § 18.1-56.1 is so vague and indefinite as to render the statute unconstitutional.

The Code section provides that it shall be unlawful for any person to drive or operate one of the vehicles enumerated therein while his ability to drive or operate such vehicle is impaired by the presence of alcohol in his blood. The section then states that a "person's ability to drive or operate such a vehicle shall be deemed to be impaired by the presence of alcohol in his blood within the meaning of this section when such person has so indulged in alcoholic intoxicants as to lack the clearness of intellect and control of himself which he would otherwise possess."

In *Caldwell* v. *Commonwealth*, 198 Va. 454, 458, 94 S. E. 2d 537, 540 (1956), the rules for testing the validity of a statute, in face of an attack of vagueness, were set forth as follows:

> "It is elementary that an act creating a statutory offense, to be valid, must specify with reasonable certainty and definiteness the conduct which is commanded or prohibited, that is, what must be done or avoided, so that a person of ordinary intelligence may know what is thereby required of him. . . . The enactment should define the acts to be done or not to be done which constitute such offense with such certainty that a person may determine whether or not he has violated the law at the time he does or fails to do the act, which is charged to be a violation thereof. . . . Unless an act creating a statutory offense satisfies this requirement of certainty and definiteness it violates the Due Process Clauses of the Fourteenth Amendment and of the Virginia Constitution. . . ."

We are of opinion that the statutory definition of impaired driv-

ing passes the foregoing tests and is not vague and indefinite. The words employed are in everyday usage and should be given their natural and familiar meaning. Any person of ordinary intelligence reading the definition should know what is prohibited and what he must refrain from doing if he is not to violate the statute and incur its penalty.

Finding the defendant's contentions to be without merit, we affirm the judgment of conviction.

*Affirmed.*