# Richmond

## Mack Wayne Belcher v. Town of Christiansburg.

October 13, 1969.

Record No. 7076.

Present, Snead, C.J., and I'Anson, Carrico, Gordon and Harrison, JJ.

*Max Jenkins*, for plaintiff in error.

*J. Patrick Graybeal*, for defendant in error.

I'Anson, J., delivered the opinion of the court.

Mack Wayne Belcher, defendant, was found guilty by a jury on a warrant charging him with operating an automobile while under the influence of alcohol in violation of an ordinance of the Town of Christiansburg, and his punishment was fixed at a fine of $200. Judgment was entered on the verdict, and he is here on a writ of error.

Defendant contends that the court erred in refusing to grant three instructions relating to impaired driving to which he claims he was entitled under the provisions of § 18.1-56.1, Code of 1950, 1966 Cum. Supp., Acts of 1966, ch. 636, p. 981.

The facts, briefly stated, show that at about 10:30 p.m. on February 16, 1968, a Christiansburg police officer observed defendant's car on Route 11 weaving from the shoulder of the road to the center lane. The officer followed the car for a considerable distance, and when he pulled the defendant over to the side of the road he detected a

strong odor of alcohol about him. Defendant staggered against his car when he attempted to alight; his speech was slurred and his walk, "staggery." When taken to the sheriff's headquarters he staggered up the steps and held onto the door. Inside, he "staggered and bounced against the walls."

A nearly empty whiskey bottle, purchased on the day of defendant's arrest, was found in the car under the right front seat occupied by a companion. The companion did not appear to be drinking, and the officer permitted him to drive defendant's car to the sheriff's headquarters.

Defendant admitted having drunk two beers some two hours before his arrest, but he denied that he had drunk from the whiskey bottle which he said belonged to the companion riding with him. He refused to take a blood test.

The refused instructions told the jury (1) the punishment for driving under the influence of intoxicants and for that of impaired driving, (2) that if they had a reasonable doubt as to the grade of the offense they should find the defendant guilty of the lower grade, and (3) what constitutes impaired driving. No question was raised as to the wording of the instructions.[1] They were refused by the trial court solely on the ground that since there was no evidence of a blood test showing the alcoholic content of defendant's blood to be as much as 0.10 but less than 0.15 percent by weight the offense of impaired driving could not be considered by the jury. Hence the question presented is whether under Code § 18.1-56.1, which makes impaired driving a lesser included offense of drunk driving, the defendant was entitled to have the jury instructed on the lesser offense although there was no evidence of a blood test.

Counsel conceded that the two town ordinances involved parallel Code §§ 18.1-54 (prohibiting drunk driving) and 18.1-56.1.

The pertinent parts of Code § 18.1-56.1 are as follows:

"It shall be unlawful for any person to drive or operate any automobile * * * while such person's ability to drive or operate such vehicle is impaired by the presence of alcohol in his blood. A person's ability to drive or operate such a vehicle shall be deemed to be impaired by the presence of alcohol in his blood within the meaning of this section when such person has so indulged in alco-

---

1. Attention is called to the fact, however, that the definition of "impaired driving" did not contain all the language as found in the statute.

holic intoxicants as to lack the clearness of intellect and control of himself which he would otherwise possess.

"In *every* prosecution under § 18.1-54 [prohibiting drunk driving] of this Code or any similar ordinance of any county, city or town the offense with which the accused is charged shall be deemed to include the offense punishable under this section; and whenever in any such prosecution it appears that the amount of alcohol in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of the accused's blood in accordance with the provisions of § 18.1-55.1 is as much as 0.10 but less than 0.15 percent by weight it shall be presumed that the ability of the accused was impaired within the meaning of this section. * * *" (Emphasis added.)

The first paragraph of the statute creates and defines the offense of impaired driving. Under the language of the first clause of the second paragraph it is perfectly manifest that in every prosecution for driving while intoxicated an accused may be convicted of the lesser included offense of impaired driving. See, *Bass* v. *Commonwealth*, 209 Va. 422, 424, 164 S. E. 2d 667, 669, 670 (1968). See also, Ritz, *Criminal Law*, Annual Survey of Virginia Law, 53 Va. L. Rev. 449, 465, 466 (1967).

While the second clause of the second paragraph provides that a presumption of impaired driving arises when the alcoholic content of a person's blood is within a specified range, the language of the statute does not make evidence of blood-alcohol content within the specified range mandatory before the lesser offense can be considered. Hence in every prosecution for driving under the influence of intoxicants an accused is entitled to have the triers of fact consider the offense of impaired driving even though there is no evidence of the alcoholic content of his blood.

We hold that under the provisions of Code § 18.1-56.1 the trial court erred in not granting the instructions requested by the defendant.

The judgment of conviction is set aside and the case is

*Reversed and remanded.*