## Richmond

CLARENCE JAMES BUCK v. CITY OF DANVILLE.

November 27, 1972.

Record No. 7999.

Present, All the Justices.

*Herman G. Koplen*, for plaintiff in error.

*William H. Fuller, III, Commonwealth's Attorney for the City of Danville*, for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Clarence James Buck, defendant, was tried in the Municipal Court of the City of Danville on a warrant charging him with operating a motor vehicle while under the influence of alcohol in violation of a city ordinance, and he was convicted of the lesser and included offense of impaired driving. He appealed his conviction to the Corporation Court of Danville, and upon his trial in that court was convicted, over his objection, of driving under the influence of intoxicants. We granted defendant a writ of error to the judgment.

The only issue presented on this appeal is: May one who was tried in a court not of record on a warrant charging him with driving under the influence of alcohol, and who was convicted of the lesser included offense of impaired driving, be tried and convicted of driving under the influence of intoxicants on an appeal of his conviction to the corporation court?

Code § 16.1-132, as amended, 1960 Repl.Vol., grants to any person *convicted* in a court not of record of any offense not felonious the right to an appeal from *such conviction* to a court of record; and Code § 16.1-136, as amended, provides that such appeal shall be heard *de novo* in a court of record.

The Municipal Court had exclusive original jurisdiction to try defendant on the warrant which charged operating a motor vehicle while under the influence of alcohol and under the provision of the city's ordinance, which paralleled Code § 18.1-56.1,[1] to find defendant guilty of either driving under the influence or impaired driving, the lesser included offense. Thus defendant, in his trial in Municipal Court, was put in jeopardy by the charge of driving under the influence in a court of competent jurisdiction, and when the court convicted him of the lesser included offense of impaired driving he was acquitted of the driving under the influence of alcohol charge.

An appeal under Code § 16.1-132 is in effect a statutory grant of a new trial, which annuls the judgment of the inferior court as completely as if there had been no previous trial, and it is reversible error to mention such judgment of conviction in a trial of the case on appeal. *Harbaugh* v. *Commonwealth*, 209 Va. 695, 698-99, 167 S.E.2d 329, 332 (1969); *Gaskill* v. *Commonwealth*, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965). But that does not mean that when a warrant charges an accused with an offense of several grades, and on his trial in a court not of record he is acquitted of the greater offense and convicted of the lesser included offense, on appeal from that conviction he is placed in the same position as to the offense of which he was acquitted as if no trial had been had.

In *Peak* v. *Commonwealth*, 171 Va. 535, 541, 199 S.E. 473, 476 (1938), we said:

> "It is true that a trial *de novo* is had upon an appeal from a conviction by a police justice. It is equally true that there cannot be a trial *de novo*, or otherwise for the same offense after an acquittal by a court having authority and jurisdiction to try the offense."

To hold that defendant's appeal of the judgment of conviction places him in the same position as to the offense of which he was acquitted as if no trial had been had would be in conflict with Article I, § 8, of the Constitution of Virginia, which reads in part as follows:

---

[1] Code § 18.1-56.1 was repealed by Acts of 1972, Ch. 757, at 1093.

"He shall not be deprived of life or liberty, except by the law of the land or the judgment of his peers * * * nor be put twice in jeopardy for the same offense."

See also, *Strickbine* v. *State*, 201 Ark. 1031, 1035, 148 S.W.2d 180, 182 (1941).

In *Bass* v. *Commonwealth*, 209 Va. 422, 425, 164 S.E.2d 667, 670 (1968), defendant was convicted of impaired driving in the county court under a warrant charging driving under the influence of alcohol. We held that it was proper for the defendant, on appeal to the circuit court, to be tried on the impaired driving charge.

For the reasons stated, the judgment of the court below is reversed and set aside, and the case is remanded for a new trial on the charge of impaired driving.

*Reversed and remanded.*

HARRISON, J., dissenting.

I disagree with the conclusion reached by the majority.

For many years Virginia has had a two-tier system for adjudicating less serious criminal cases. These crimes, classified generally under state law as misdemeanors, are charged and tried in our county and municipal courts where a defendant may choose to have a trial or to plead guilty. If convicted after a trial on a plea of not guilty, or if convicted on a plea of guilty, a defendant has an absolute right to a trial de novo in a court of record so long as he indicates such a decision within the statutory time. This right to a new trial does not involve error in the inferior court proceeding. It is not a review of a case previously tried. The Virginia law contemplates that the slate will be wiped clean. Both prosecution and defense begin anew. The judgment of the inferior court is a nullity. The case is recorded exactly as if it had been brought in the court of record in the first instance, and a convicted defendant may seek review in this court in the same manner as a person tried initially in the court of record. In Virginia there is no appellate review of an inferior court ruling. The defendant's recourse is a trial de novo. This is an option which the defendant has, and which the Commonwealth does not have.

In *Johnson* v. *Commonwealth*, 212 Va. 579, 585-86, 186 S.E. 2d 53, 58 (1972), *cert. den.* 407 U.S. 925 (1972), we said:

"In these cases, the defendants' appeal to the circuit court was not predicated or dependent on error in the trial in the county court. In fact, their appeal to the circuit court was not an appeal in the usual sense of the word. Rather, the defendants' 'appeal' was an exercise of the unqualified right to a trial de novo, which gave them a second full opportunity for acquittal.

"To view the Virginia procedure as forcing an accused to lose the 'benefit' of the county court sentence and as 'chilling' his right to appeal begs the point. The State could constitutionally afford an accused the right to only one original trial. One trial in the circuit court would satisfy all constitutional guarantees.

"Instead, the State gives an accused the benefit of two full opportunities for acquittal in the long run interest of speedy trial in the county court and reducing the load of the circuit court. If an accused elects to take advantage of a second and fresh opportunity, it appears entirely fair that the accused and the State should start again at parity, as contemplated under the Virginia procedure."

The observations we make as to the effect of Virginia Code § 16.1-132 are virtually the same that were made in *Colten* v. *Kentucky*, 407 U.S. 104 (1972). Kentucky, like Virginia, has a two-tier system for adjudicating misdemeanors. The defendant in *Colten* was convicted in a court not of record of disorderly conduct and fined $10. Exercising his right to a trial de novo in a court of record he appealed and by consent was tried by the court and fined $50. The defendant there also contended that Kentucky's system violates the due process clause as interpreted in *North Carolina* v. *Pearce*, 395 U.S. 711 (1969), and that it violates the double jeopardy clause of the Fifth Amendment. The court, in an opinion by Mr. Justice White affirming the conviction, said:

"We are not persuaded, however, that the Kentucky arrangement for dealing with the less serious offenses disadvantages defendants any more or any less than trials conducted in a court of general jurisdiction in the first instance, as long as the latter are always available. Proceedings in the inferior courts are simple and speedy, and, if the results in Colten's case are any evidence, the penalty is not characteristically severe. Such proceedings offer a defendant the opportunity to learn about the prosecution's case and, if he chooses, he need not reveal his own. He may also plead guilty

without a trial and promptly secure a *de novo* trial in a court of general criminal jurisdiction. He cannot, and will not, face the realistic threat of a prison sentence in the inferior court without having the help of counsel, whose advice will also be available in determining whether to seek a new trial, with the slate wiped clean, or to accept the penalty imposed by the inferior court. The State has no such options. Should it not prevail in the lower court, the case is terminated, whereas the defendant has the choice of beginning anew. In reality his choices are to accept the decision of the judge and the sentence imposed in the inferior court or to reject what in effect is no more than an offer in settlement of his case and seek the judgment of judge or jury in the superior court, with sentence to be determined by the full record made in that court. We cannot say that the Kentucky trial *de novo* system, as such, is unconstitutional or that it presents hazards warranting the restraints called for in *North Carolina* v. *Pearce*, particularly since such restraints might, to the detriment of both defendant and State, diminish the likelihood that inferior courts would impose lenient sentences whose effect would be to limit the discretion of a superior court judge or jury if the defendant is retried and found guilty.

"Colten's alternative contention is that the Double Jeopardy Clause prohibits the imposition of an enhanced penalty upon reconviction. The *Pearce* Court rejected the same contention in the context of that case, 395 U. S., at 719-720. Colten urges that his claim is stronger because the Kentucky system forces a defendant to expose himself to jeopardy as a price for securing a trial that comports with the Constitution. That was, of course, the situation in *Pearce*, where reversal of the first conviction was for constitutional error. The contention also ignores that a defendant can circumnavigate the inferior court simply by pleading guilty and erasing immediately thereafter any consequence which would otherwise follow from tendering the plea." 407 U.S. at 118-20.

In the instant case the only jeopardy or hazard to which Buck was exposed resulted from his own voluntary act. In his discretion, and at his sole option, he could have accepted the result of his trial in the municipal court of Danville and his conviction there of impaired driving. Or he could have regarded the trial in the municipal court as a moot trial, or a "dry run", obtaining the benefit of a full dis-

closure of the Commonwealth's case, and then have elected to cancel it out by demanding a new trial in a court of record. This was exactly what he did when he rejected his conviction of impaired driving and elected to have a trial de novo on the warrant on which he was arrested, which charged him with drunken driving.

This is not a case where the state makes repeated attempts to convict an individual and subjects him to any embarrassment, expense and ordeal or compels him to live in a state of anxiety. Indeed, under the Virginia system the state could not have done anything except abide by the result of the trial in the municipal court. Jeopardy within the meaning of the double jeopardy clause of the Constitution of the United States and the Constitution of Virginia means "true jeopardy" or "jeopardy in fact". It is a rule of law that binds not only defendants but the Commonwealth and her courts. Any hazard involved in a trial in a court not of record in Virginia is a hazard which a defendant can accept or reject. When a new trial is requested the first trial is rendered a nullity and the hazard incurred as a result thereof disappears.

We are not concerned here with the sufficiency of the evidence. Defendant concedes that the evidence was sufficient in the municipal court, and in the court below, to sustain his conviction of driving under the influence of intoxicants.

I would affirm the judgment of the lower court.

Cochran and Poff, JJ., join in this dissent.