COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


JAMES EASTER, S/K/A
 JAMES L. EASTER
                                              OPINION BY
v.    Record No. 0428-99-2         JUDGE MARVIN F. COLE
                                            MARCH 7, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
                     William L. Wellons, Judge

          L.F. Tyler III (Pettus & Tyler, P.C., on
          brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     James L. Easter, appellant, appeals his conviction of driving

under the influence of alcohol (DUI), third offense, in violation

of Code § 18.2-266.  Appellant contends:  (1) the conviction

violated his right against double jeopardy because he suffered an

improper seven day license suspension when the officer failed to

file the required incident report, and (2) the Commonwealth

improperly amended the warrant to charge a third offense on de

novo appeal in circuit court, when, pursuant to a plea agreement,

he had already pled guilty to, and was convicted of, DUI, second

offense, in general district court.  Finding no error, we affirm

the conviction.

FACTS

On June 2, 1998, Officer Sterner arrested appellant for DUI. Although Sterner failed to file the statutorily required sworn incident report with the magistrate, he appeared before the magistrate to swear to the grounds for arrest. Appellant's operator's license was administratively suspended for seven days, pursuant to Code § 46.2-391.2. Appellant did not appeal the administrative suspension during the suspension period.

In general district court, although the Commonwealth had evidence of sufficient convictions to amend the charge to a third offense, it agreed to amend the warrant to DUI, second offense, in exchange for a guilty plea. Appellant pled guilty to, and the court convicted him of, DUI, second offense. Appellant later noted his appeal to the circuit court.

In circuit court, the court amended the charge to DUI, third offense, over appellant's objection that the amendment violated his double jeopardy and due process rights. Appellant stipulated that he entered into the plea agreement for the lesser offense in consideration of the Commonwealth's agreement not to amend the charge to the greater offense.

## ANALYSIS

### I.

Code § 46.2-391.2(B) requires that

> [p]romptly after arrest and service of the
> notice of suspension, the arresting officer

shall forward to the magistrate a sworn
report of the arrest that shall include
. . . a statement setting forth the
arresting officer's grounds for belief that
the person violated . . . § 18.2-266 . . . .

Appellant contends that because the officer failed to file this report, the administrative suspension was improper and penal in nature. Therefore, he claims he twice suffered punishment for the same offense in violation of his right against double jeopardy.

We have held that the administrative suspension is civil and remedial, not penal, in nature, for double jeopardy purposes. See Ingram v. Commonwealth, 29 Va. App. 759, 762-63, 514 S.E.2d 792, 794 (1999) (citing Tench v. Commonwealth, 21 Va. App. 200, 208, 462 S.E.2d 922, 925 (1995), and Brame v. Commonwealth, 252 Va. 122, 130-32, 476 S.E.2d 177, 182-83 (1996)). We have also held that "[a]ny deviation from proper procedure does not change the fundamental character of the sanction, which is civil and remedial." Id. at 768, 514 S.E.2d at 797. The failure of the officer to comply with the statute did not transform the suspension into punishment for double jeopardy purposes.

Appellant claims, however, that he did not have an adequate remedy to challenge the non-compliance and, therefore, the failure to follow the statute should render the suspension punishment. He contends the statute only allows review for probable cause. Code § 46.2-391.2(C) provides:

> Any person whose license or privilege to operate a motor vehicle has been suspended under subsection A may, during the period of the suspension, request the general district court . . . to review that suspension . . . . If the person proves to the court by a preponderance of the evidence that the arresting officer did not have probable cause for the arrest, that the magistrate did not have probable cause to issue the warrant, or that there was not probable cause for issuance of the petition, the court shall rescind the suspension . . . . Otherwise the court shall affirm the suspension.

The statute allows the accused to request review of the suspension, during the period of the suspension, but does not limit the permissible grounds of review. The statute mandates that the court shall rescind the suspension for lack of probable cause but does not state that this is the only ground for rescission. The ground specified in the statute does not preclude review on other grounds.

In Ingram, we held that review of the suspension had to be heard during the suspension period. The issue was whether the suspension provision applied when the accused could not take the breath test. Probable cause was clearly not an issue. "Appellant's remedy was to challenge the suspension as provided in the statute . . . ." Ingram, 29 Va. App. at 768, 514 S.E.2d at 797. As in Ingram, appellant failed to exercise this statutory right to challenge the administrative suspension during the period of suspension.

The statute allows the accused to immediately challenge the administrative suspension in a civil proceeding.  The findings of that proceeding are not binding on the criminal prosecution. "The court's findings are without prejudice to the person contesting the suspension or to any other potential party as to any proceedings, civil or criminal, and shall not be evidence in any proceedings, civil or criminal."  Code § 46.2-391.2(C); see also Jones, 23 Va. App. at 171-72, 474 S.E.2d at 865.

The administrative suspension was civil and remedial, not penal, in nature.  Appellant's remedy was to challenge the non-compliance in the general district court during the period of the suspension.  Therefore, appellant's subsequent conviction for DUI, third offense, did not violate his double jeopardy rights.

## II.

Appellant contends the trial court erred in allowing the Commonwealth to amend the warrant to charge DUI, third offense, in circuit court, after he already pled guilty to, and was found guilty of, DUI, second offense, in the general district court. He claims the amendment violated his double jeopardy and due process rights.

### A.  Double Jeopardy

Code § 18.2-270 prescribes the punishment for DUI and increases the minimum jail sentence when the offense is a second, third, or subsequent offense.  When the Commonwealth

- 5 -

amended the warrant to allege a third offense, appellant faced a longer period of mandatory incarceration. Therefore, the amended charge was a greater offense than that heard in the general district court.

The Fifth Amendment of the United States Constitution and Article I, Section 8 of the Virginia Constitution grant the accused protection against prosecution for the same offense after acquittal. Appellant asserts that by pleading guilty to DUI, second offense, the general district court in effect acquitted him of the greater offense of DUI, third offense.

Appellant relies on Buck v. City of Danville, 213 Va. 387, 192 S.E.2d 758 (1972), in support of his position that, at trial de novo, the Commonwealth may not amend a warrant to charge a greater offense than that heard in general district court. However, Buck pled not guilty to DUI and the lower court acquitted him of DUI, but convicted him of a lesser-included offense of impaired driving. On appeal, the Commonwealth indicted Buck for DUI, and the circuit court convicted him of DUI. The Court stated, "'[T]here cannot be a trial de novo, or otherwise for the same offense after an acquittal by a court having authority and jurisdiction to try the offense.'" Id. at 388, 192 S.E.2d at 759 (quoting Peak v. Commonwealth, 171 Va. 535, 541, 199 S.E. 473, 476 (1938)). Therefore, Buck's double jeopardy rights were violated when he twice stood trial for a charge for which he had been acquitted.

Here, the general district court did not acquit appellant of any offense. Acceptance of a guilty plea to a lesser-included offense does not constitute an acquittal of a greater offense. See Peterson v. Commonwealth, 5 Va. App. 389, 400, 363 S.E.2d 440, 445 (1987). Appellant avoided prosecution for the greater offense by pleading guilty to a lesser offense, pursuant to a plea agreement. He then breached that agreement by appealing the conviction. "Where a defendant pleads guilty pursuant to a plea agreement and receives the agreed upon sentence, an implied term of the agreement is that the defendant will not appeal what he has bargained for and received." Id. at 400, 363 S.E.2d at 447. Jeopardy did not attach because he did not stand trial for and was not acquitted of DUI, third offense. He did not suffer prosecution after acquittal and, therefore, his double jeopardy rights were not violated.

## B. Due Process

"A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." Duck v. Commonwealth, 8 Va. App. 567, 572, 383 S.E.2d 746, 749 (1989) (citation omitted). "'There is no appearance of retaliation when a defendant is placed in the same position he was in before he accepted the plea bargain.'" Peterson, 5 Va. App. at 401,

- 7 -

363 S.E.2d at 447 (quoting <u>United States v. Anderson</u>, 514 F.2d 583, 588 (7th Cir. 1975)). Where there is no retaliation or vindictiveness in reinstating charges or amending charges to greater offenses, there is no due process violation. See <u>id.</u> at 400-01, 383 S.E.2d at 447. The purpose of the trial <u>de novo</u> is to return the parties to the same position in which they found themselves in the lower court. See <u>Buck</u>, 213 Va. at 388, 192 S.E.2d at 759.

When appellant appealed to the circuit court, he placed himself in the same position as he was prior to the plea agreement in the general district court. Appellant stipulated that the Commonwealth intended to amend the warrant to charge DUI, third offense, in the general district court. By appealing the lower court conviction, appellant found himself without the benefit of his bargain, without acquittal on any greater offense, and with the possibility and reality of being tried for the greater offense of DUI, third offense. Amending the warrant did not violate appellant's due process rights.

For the above stated reasons, we affirm the conviction of driving under the influence, third offense.

<u>Affirmed</u>.