COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and McClanahan
Argued at Salem, Virginia


KATRINA PAINTER
                                                        OPINION BY
v.        Record No. 0005-05-3               JUDGE WALTER S. FELTON, JR.
                                                     DECEMBER 20, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

        Bruce D. Albertson (Law Offices of Bruce D. Albertson, PLLC, on
        brief), for appellant.

        Richard B. Smith, Senior Assistant Attorney General (Judith
        Williams Jagdmann, Attorney General, on brief), for appellee.


        Katrina Painter (appellant) appeals her conviction of felony third offense larceny,

contending that the trial court erred in dismissing her claims of double jeopardy, collateral

estoppel, and res judicata.  Finding no error, we affirm the judgment of the trial court.

                                    BACKGROUND

        In October 2003, appellant was arrested for stealing items valued at less than $200 from a

store in Rockingham County.  She was then charged with felony third offense larceny in

violation of Code § 18.2-96, and she appeared for a preliminary hearing on that charge in the

Rockingham County General District Court.  The district court found probable cause to

determine that appellant committed the immediate underlying petit larceny offense, but no

probable cause for her previous larceny convictions.  To prove the prior larceny convictions, the

Commonwealth offered appellant's National Criminal Information (NCIC) report showing her

prior convictions.  The district court sustained appellant's objection to the admissibility of the

NCIC report as competent to prove probable cause of her prior larceny convictions.[1]  It then

granted appellant's motion to strike the felony charge, determined that the evidence was

sufficient to establish that appellant was guilty on the underlying petit larceny charge, and found

appellant guilty of misdemeanor petit larceny.[2]

Appellant thereafter appealed her misdemeanor conviction to the Rockingham County

Circuit Court pursuant to Code § 16.1-132.[3]  Prior to appellant's trial on appeal from the district

court, the circuit court granted the Commonwealth's motion, without any objection from

appellant, to *nolle prosequi* the misdemeanor larceny charge.  Subsequently, the Commonwealth

obtained an indictment charging appellant with felony third offense larceny, in violation of Code

§ 18.2-96, based on the same factual basis appellant faced at the preliminary hearing in the

district court.  Prior to trial, appellant moved to dismiss the indictment as violating the due

process and double jeopardy clauses of the state and federal constitutions, as well as established

principles of collateral estoppel and res judicata.  In a written opinion, the circuit court dismissed

appellant's motion to suppress the indictment, rejecting each of appellant's pretrial arguments.

On appellant's conditional guilty plea, the circuit court found her guilty of felony third offense

larceny as charged in the indictment.

_____

[1] We express no opinion on the district court's ruling that an NCIC report of prior convictions is not sufficient to establish *probable cause* of the existence of those offenses at the preliminary hearing.

[2] The record on appeal fails to show that appellant was arraigned or entered any plea to the petit larceny charge.  Because the conviction was vacated on appellant's appeal of her conviction to the circuit court, we do not address to what extent the failure of the record to show arraignment and plea to the petit larceny offense affected the conviction.

[3] Code § 16.1-132 provides that "[a]ny person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction, and whether or not such conviction was upon a plea of guilty, to appeal to the circuit court."  Code § 16.1-136 provides that appeals from courts not of record "shall be heard de novo in the appellate court . . . ."

ANALYSIS

On appeal, appellant contends that: (1) the circuit court erred in finding that the Double Jeopardy Clause did not bar trying her for any offense greater than misdemeanor petit larceny, and (2) the Commonwealth should be barred, under principles of collateral estoppel and res judicata, from introducing evidence of her prior larceny convictions, arguing that the district court found the prior larceny convictions did not exist when it found the NCIC report not sufficient to prove them. From the record before us, we find no error in the judgment of the circuit court and affirm appellant's conviction of third offense felony larceny.

DOUBLE JEOPARDY

I.

> The federal constitutional provision concerning double jeopardy embodies three guarantees: "[i]t protects against a second prosecution for the same offense after acquittal[; i]t protects against a second prosecution for the same offense after conviction[; a]nd it protects against multiple punishments for the same offense." Virginia's constitutional guarantee against double jeopardy affords a defendant the same guarantees as the federal Double Jeopardy Clause.

Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 229-30 (2002) (citations omitted).

"The double jeopardy provisions of the United States and Virginia Constitutions protect a criminal defendant from being prosecuted a second time for the same offense following an acquittal." Neff v. Commonwealth, 39 Va. App. 13, 17, 569 S.E.2d 72, 74 (2002) (quoting Turner v. Commonwealth, 221 Va. 513, 529, 273 S.E.2d 36, 46 (1980)).

Here, appellant argues that her conviction in the district court constituted an acquittal of all offenses greater than petit larceny. In order to prevail, appellant must show that her conviction in the district court amounted to an acquittal of any greater offense within the felony charge. "[A] general district court is without jurisdiction to try felony cases or accept pleas to felony charges. See Code § 16.1-123.1." Peterson v. Commonwealth, 5 Va. App. 389, 397, 363

S.E.2d 440, 445 (1987). When an accused is brought before a district court for a preliminary

hearing on a felony charge, the district court has, pursuant to Code § 19.2-186, three options:

> The judge shall discharge the accused if he considers that there is
> not sufficient cause for charging him with the offense.

> [or]

> If a judge considers that there is sufficient cause to charge the
> accused with an offense that he does not have jurisdiction to try,
> then he shall certify the case to the appropriate court having
> jurisdiction . . . .

> [or]

> If a judge considers that there is sufficient cause only to charge the
> accused with an offense which the judge has jurisdiction to try,
> then he shall try the accused for such offense and convict him if he
> deems him guilty and pass judgment upon him in accordance with
> law just as if the accused had first been brought before him on a
> warrant charging him with such offense.

Because "[t]he dismissal of a felony warrant at a preliminary hearing indicates only a finding of

lack of probable cause," Moore v. Commonwealth, 218 Va. 388, 393, 237 S.E.2d 187, 191

(1977), jeopardy never attaches to the felony and "discharge [of the felony on finding lack of

probable cause of that offense] cannot operate as an acquittal, or finding of not guilty of any

lesser included misdemeanor offense." Id.

However, once the district court convicts an accused, pursuant to its authority under Code

§ 19.2-186, of a lesser-included offense of the felony charged, unless there are further

proceedings, "the double jeopardy clause prohibit[s] prosecution on the greater offense . . .

because they were the 'same offense.'" Peterson, 5 Va. App. at 397, 363 S.E.2d at 445 (citations

omitted); see also Rouzie v. Commonwealth, 215 Va. 174, 207 S.E.2d 854 (1974) (holding that

double jeopardy barred subsequent attempt to convict defendant on original felony charges in

circuit court after conviction of lesser-included misdemeanor offense in district court).

Significantly, and unlike this case, Rouzie did not appeal his misdemeanor conviction to the circuit court.

When, following a preliminary hearing on a felony warrant, an accused appeals a conviction of a lesser-included misdemeanor offense of that felony to the circuit court pursuant to Code § 16.1-132, the misdemeanor conviction is vacated. Such a *de novo* appeal "'annuls the judgment of the inferior tribunal as completely as if there had been no previous trial.'" Peterson, 5 Va. App. at 398, 363 S.E.2d at 445 (citations omitted).

Here, the district court found the Commonwealth's proof of appellant's prior larceny convictions by the NCIC report was not sufficient to establish probable cause that she had been convicted of those offenses. Consequently, it found that the Commonwealth's evidence was not sufficient to hold her on the third offense felony larceny charge. The district court then convicted appellant of petit larceny. Once appellant appealed her misdemeanor petit larceny conviction to the circuit court, the misdemeanor conviction in the district court no longer existed. Only a charge that she had committed petit larceny existed in the circuit court for trial. The Commonwealth was free to seek a *nolle prosequi* of that charge and, once granted, was free to seek an indictment on the third offense felony larceny charge without violating the bar against double jeopardy.

The Commonwealth's motion for *nolle prosequi* preceded the attachment of jeopardy on the misdemeanor charge in the circuit court. "Even after an appeal to the circuit court is perfected, annulling the conviction in the district court, jeopardy does not attach in a bench trial in circuit court until the court begins to hear evidence." Kenyon v. Commonwealth, 37 Va. App. 668, 674, 561 S.E.2d 17, 20 (2002) (citing Courtney v. Commonwealth, 23 Va. App. 561, 567, 478 S.E.2d 336, 338 (1996)). Once an appeal to the circuit court is noted by a defendant, "appellant's district court conviction *cease[s] to exist at that time*, and *jeopardy never attached*

- 5 -

*in the circuit court because that court never heard evidence* [on that charge]." Id. (emphasis added).

Appellant also urges that Buck v. City of Danville, 213 Va. 387, 192 S.E.2d 758 (1972), mandates her acquittal on appeal. However, appellant's reliance on Buck is misplaced. In Buck, the accused was brought to trial for driving under the influence (DUI) in the municipal court (now general district court), a court with jurisdiction to try him for that offense. It acquitted him of the DUI charge but convicted him of impaired driving as a lesser-included offense. On appeal, the corporation court (now circuit court) convicted Buck of DUI rather than of the offense for which he appealed, impaired driving. The Supreme Court reversed his DUI conviction, reasoning that the municipal court had jurisdiction to try Buck on the DUI charge, and "when the court convicted him of the lesser included offense [of impaired driving] . . . he was acquitted of the [DUI] charge." Id. at 388, 192 S.E.2d at 759. Here, the general district court did not have jurisdiction to try appellant on the felony charge. While the district court convicted her of the lesser-included offense of petit larceny, her appeal vacated that conviction and the *nolle prosequi* of that charge permitted the circuit court to try her on the indictment for third offense felony larceny, an offense which the district court lacked jurisdiction to try.

II.

Appellant further contends that her prosecution for third offense felony larceny in the circuit court was precluded because her conviction of petit larceny in the district court was an acquittal of second offense petit larceny, a misdemeanor, as a lesser-included offense of third offense felony larceny. The record does not support appellant's argument that the district court's failure to find probable cause on the felony offense impliedly acquitted her of second offense petit larceny. Moreover, any argument that appellant was impliedly acquitted of a second offense petit larceny charge was not included in appellant's questions presented and, therefore,

- 6 -

will not be considered by this Court on appeal. See Rule 5A:12(c) (states that "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals . . . ."); see also Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991) (stating that this Court "do[es] not consider this [additional] argument, however, since it was not raised in the petition for appeal and no appeal was granted by this Court on that issue[,] Rule 5A:12(c)").

### COLLATERAL ESTOPPEL & RES JUDICATA

Appellant also asserts that principles of collateral estoppel and res judicata bar the Commonwealth from using evidence of her prior larceny convictions to establish her guilt for third or subsequent offense larceny. These claims are without merit.

Collateral estoppel only bars the Commonwealth "from introducing evidence to prove an offense for which a defendant has been *previously acquitted*." Simon v. Commonwealth, 220 Va. 412, 417, 258 S.E.2d 567, 571 (emphasis added). As discussed above, the district court found only that the NCIC report failed to establish probable cause that appellant had been convicted of the previous larceny offenses. Under these circumstances, collateral estoppel does not prevent the Commonwealth from presenting evidence of appellant's prior larceny convictions at trial as part of its proof of third offense felony larceny.

"'One who asserts the defense of res judicata[4] has the burden of proving by a preponderance of the evidence that an issue was previously raised and decided by a tribunal in a prior cause of action.'" Neff, 39 Va. App. at 18, 569 S.E.2d at 18 (quoting Fodi's v. Rutherford, 26 Va. App. 446, 449, 495 S.E.2d 503, 505 (1998)) (footnote added). Res judicata requires a prior "'judgment upon the merits'" such as a "'dismissal of a cause of action.'" Highsmith v.

---

[4] Res judicata is a judicially created doctrine that literally means a "matter adjudged." It precludes relitigation of a claim or issue once a final determination on the merits has been reached by a court of competent jurisdiction. "In short, once a matter or issue has been adjudicated, it may be relied upon as conclusive between the parties, or their privies, in any subsequent suit." Neff, 39 Va. App. at 17-18, 569 S.E.2d at 74-75 (citations omitted).

Commonwealth, 25 Va. App. 434, 440, 489 S.E.2d 239, 242 (1997) (quoting 8B Michie's Jurisprudence, Former Adjudication or Res Judicata § 12 (1996)). We conclude that the district court's finding that the NCIC report failed to establish probable cause of appellant's prior larceny convictions was not a judgment, on the merits, that the prior larceny convictions did not exist. "The doctrine of res judicata . . . has no applicability . . . to a general district court's finding of no probable cause at a felony preliminary hearing . . . ." Id. at 442 n.3, 489 S.E.2d at 243 n.3.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court denying appellant's claims of double jeopardy, collateral estoppel, and res judicata, and affirm appellant's conviction.

Affirmed.