COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


KENNETH WAYNE TURNER

                                                            OPINION BY
v.       Record No. 3164-05-2            CHIEF JUDGE WALTER S. FELTON, JR.
                                                          MARCH 6, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

Michael R. Zervas (Bradley Law Firm, P.C., on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


        Kenneth Wayne Turner (appellant) appeals his conviction of driving under the influence,

second or subsequent offense, (DUI second offense) in violation of Code § 18.2-266.  Appellant

asserts that the Circuit Court for the City of Charlottesville (circuit court) erred, following his

appeal *de novo* to that court, by amending the warrant on which he was convicted of DUI first

offense in the General District Court for the City of Charlottesville (district court) to DUI second

offense.  Specifically, he contends that he was acquitted of DUI second offense in the district

court when he was found guilty of the lesser-included offense of DUI first offense.  He argues

that pursuant to the Double Jeopardy Clause, on *de novo* appeal of that conviction, the circuit

court was only permitted to try him on the charge appealed, i.e., DUI first offense.  We agree,

reverse his conviction of DUI second offense, and remand to the circuit court for resentencing.

                                    I.  BACKGROUND

        Appellant was arrested on December 25, 2004 for DUI first offense.  Shortly thereafter

on January 15, 2005, and prior to the trial for the December 2004 offense, appellant was again

arrested in the same jurisdiction for DUI and charged with DUI second offense. Appellant was convicted of the December 2004 DUI first offense charge in the district court in April 2005. He timely appealed that conviction to the circuit court for a trial *de novo*.

Prior to the trial *de novo* on the December 2004 offense in the circuit court, appellant was tried in the district court on the January 2005 DUI second offense charge. The district court convicted appellant of the lesser-included offense of DUI first offense.[1] Appellant appealed that conviction to the circuit court that same day.

On October 13, 2005, appellant withdrew the *de novo* appeal of his DUI first offense conviction arising out of the December 2004 arrest, thereby affirming that conviction.[2] Thereafter, on the Commonwealth's motion, the circuit court amended the pending charge, based on the January 15, 2005 arrest, to DUI second offense. Appellant objected to the amendment on double jeopardy grounds, arguing that the district court acquitted him of the DUI second offense charge when it found him guilty of DUI first offense. The circuit court ruled that it was "satisfied with this really not [being] a double jeopardy issue because there was not really a possibility of this case being brought forward until there were actually two convictions . . . ." Following trial *de novo*, appellant was convicted of DUI second offense.

## II. ANALYSIS

"The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall 'be subject for the same offense to be twice put in

---

[1] Appellant's *de novo* appeal of the December 2004 DUI offense conviction had not been tried in the circuit court on that date and, therefore, was not a final judgment that could be introduced into evidence to prove an element of the DUI second offense charge.

[2] Code § 16.1-133 provides that where a misdemeanant withdraws his appeal *de novo* from the district court before it is heard in the circuit court, his conviction and sentence by the district court are affirmed, either by operation of law if the appeal is withdrawn within ten days after conviction, or by order of the circuit court if the appeal is withdrawn more than ten days after conviction.

jeopardy of life or limb.'"  Brown v. Ohio, 432 U.S. 161, 164 (1977) (quoting U.S. Const.

amend. V).  This provision

> embodies three guarantees:  "[i]t protects against a second
> prosecution for the same offense after acquittal[; i]t protects
> against a second prosecution for the same offense after
> conviction[; a]nd it protects against multiple punishments for the
> same offense."  Virginia's constitutional guarantee against double
> jeopardy affords a defendant the same guarantees as the federal
> Double Jeopardy Clause.

Painter v. Commonwealth, 47 Va. App. 225, 232, 623 S.E.2d 408, 411-12 (2005) (quoting

Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 229-30 (2002)).

Appellant asserts that the Clause's protection against a second prosecution for the same

offense after acquittal applies to prohibit the circuit court from amending a warrant on appeal to

charge an offense of which he was acquitted in the district court.

"In Virginia, when misdemeanor charges are initiated by warrant and a defendant is

convicted of those charges in district court, he may appeal to the circuit court for a trial *de novo*."

Kenyon v. Commonwealth, 37 Va. App. 668, 673, 561 S.E.2d 17, 19-20 (citing Code

§ 16.1-136).

> [A] trial *on the same charges* in the circuit court does not violate
> double jeopardy principles, . . . subject only to the limitation that
> conviction in [the] district court for an offense lesser included in
> the one charged constitutes an acquittal of the greater offense,
> permitting trial *de novo* in the circuit court only for the
> lesser-included offense.

Id. (citations omitted).  See also Buck v. City of Danville, 213 Va. 387, 388-89, 192 S.E.2d 758,

759-60 (1972).

"[I]n a trial *de novo* the circuit court disregards the judgment of the district court, hears

the evidence anew and may consider new evidence, and makes final disposition of the case as if

the case had not proceeded to judgment in the district court."  Commonwealth v. Diaz, 266 Va.

260, 266, 585 S.E.2d 552, 555 (2003).  Once the trial *de novo* commences in the circuit court, the

district court *judgment* is annulled, and is not thereafter available for any purpose. Kenyon, 37 Va. App. at 673, 561 S.E.2d at 20.

Here, the record reflects appellant was tried in the district court on a warrant charging DUI second offense, an offense within the jurisdiction of the district court to try, but was convicted of DUI first offense, a lesser-included offense. By convicting appellant of DUI first offense, the district court necessarily acquitted him of the greater charge of DUI second offense. See Buck, 213 Va. at 388, 192 S.E.2d at 761. Accordingly, when appellant noted his appeal of the district court conviction to the circuit court, only the lesser charge of DUI first offense existed in the circuit court for trial *de novo*. Painter, 47 Va. App. at 234, 623 S.E.2d at 412-13.

While circuit courts "have substantial discretion to amend [defective] warrants[]" upon *de novo* appeal from district courts, Rawls v. Commonwealth, 272 Va. 334, 344, 634 S.E.2d 697, 702 (2006) (citing Code § 16.1-137; Robinson v. Commonwealth, 206 Va. 766, 769, 146 S.E.2d 197, 200 (1966); Malouf v. City of Roanoke, 177 Va. 846, 853, 13 S.E.2d 319, 321 (1941)), long-established double jeopardy principles mandate that there "cannot be a trial *de novo*, or otherwise for the same offense after an acquittal by a court having authority and jurisdiction to try the offense." Peak v. Commonwealth, 171 Va. 535, 541, 199 S.E. 473, 476 (1938). Here, the Commonwealth was limited by appellant's district court acquittal of DUI second offense, and could prosecute appellant for no greater charge than the conviction appealed – DUI first offense. To hold otherwise would permit the Commonwealth on *de novo* appeal by a person convicted of a lesser-included offense to be re-prosecuted for the greater offense after acquittal in the district court. "[S]tates may not, by the device of creating courts of limited jurisdiction, avoid the constitutional mandate against placing a person twice in jeopardy for the same offense." Robinson v. Neil, 366 F. Supp. 924, 929 (E.D. Tenn. 1973).

- 4 -

Notably, the Commonwealth does not dispute that the circuit court's amendment of appellant's warrant after his acquittal of the greater offense in the district court implicates the Double Jeopardy Clause. However, it argues appellant's withdrawal of the *de novo* appeal for his first DUI conviction arising out of his December 2004 arrest, permitted the circuit court to amend the warrant pursuant to the "impossibility" exception to the Double Jeopardy Clause first contemplated in Diaz v. United States, 223 U.S. 442 (1912). Specifically, the Commonwealth contends that because it was impossible to "establish [appellant]'s guilt for recidivist DUI on the January, 2005 charge when he was tried in [the district court in] May, 2005," "the [appellant]'s retrial on the amended warrant in the circuit court did not violate double jeopardy." We disagree.

In Diaz, the United States Supreme Court determined that the Double Jeopardy Clause did not bar a prosecution for homicide where, subsequent to Diaz's conviction for assault and battery, the victim died from the injuries inflicted during the assault and battery. In reaching its decision, the Court reasoned that the charges were "distinct offenses in both law and fact." Diaz, 223 U.S. at 449, and until the death occurred, it was impossible to put him in jeopardy for the homicide offense.

The Court has subsequently explained that "'an exception [to the Double Jeopardy Clause] may exist where the State is unable to proceed on the more serious charge *at the outset* because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence.'" Illinois v. Vitale, 447 U.S. 410, 420 n.8 (1980) (quoting Brown, 432 U.S. at 169 n.7) (emphasis added). In Vitale, the Court determined that the exception was inapplicable because the prosecutor knew of the additional facts necessary to sustain the subsequent prosecution at the time of the first prosecution. Id.

Virginia's appellate courts have not previously applied the <u>Diaz</u> "impossibility" exception. We note that several other jurisdictions have considered its effect on subsequent prosecutions otherwise barred by the Double Jeopardy Clause. In particular, the Iowa Supreme Court has held that the <u>Diaz</u> exception permitted a defendant to be tried for felony murder after he had been convicted of felony child endangerment, even if felony child endangerment was a lesser-included offense of felony murder, because the victim died after conviction of the lesser offense. <u>See</u> <u>State v. Ruesga</u>, 619 N.W.2d 377, 383 (Iowa 2000).

Similarly, in <u>Whittlesey v. Conroy</u>, 301 F.3d 213 (4th Cir. 2002), a jury convicted Whittlesey of robbery, assault with the intent to rob, and theft all arising out of the 1982 disappearance of Griffin. At the time of these convictions, Griffin's body had not been discovered. Upon discovery of Griffin's body in 1990, the defendant was indicted for murder. In upholding the district court's denial of Whittlesey's petition for a writ of habeas corpus, the Fourth Circuit concluded that Whittlesey's subsequent prosecution for homicide did not violate his double jeopardy protections because the "facts necessary to sustain the charge of murder had not been revealed" at the time of the first prosecution. <u>Id.</u> at 218.

In the case before us, appellant had been previously charged with DUI in December 2004, when he was arrested and charged with DUI second offense in January 2005 in the same jurisdiction. The Commonwealth was aware of appellant's previous December 2004 DUI conviction and *de novo* appeal to the circuit court at the time of his prosecution on the January 2005 DUI second offense charge. Appellant's trial *de novo* on the amended warrant charging DUI second offense after his acquittal of that offense by the district court cannot be characterized as a subsequent prosecution *for a new offense* arising out of facts discovered after conviction, as was the case in <u>Diaz</u>, <u>Ruesga</u>, and <u>Whittlesey</u>. <u>See also</u> <u>Vitale</u>, 447 U.S. at 420 n.8. Rather, the Commonwealth prosecuted appellant for the *same offense* as originally charged and tried in the

district court, and of which he had been acquitted.  "For whatever else [the Fifth Amendment guarantee against double jeopardy] may embrace, it surely protects a man who has been acquitted from having to 'run the gauntlet' a second time."  Ashe v. Swenson, 397 U.S. 436, 445-46 (1970).  Accordingly, the Diaz "impossibility" exception is inapplicable to the case before us.

From this record, we conclude the circuit court erred in amending the warrant to charge DUI second offense after appellant had been acquitted of that charge in a court of competent jurisdiction.  We reverse the judgment of the circuit court, set aside the conviction for DUI second offense, and remand for resentencing of the DUI first offense conviction.

Reversed and remanded.