# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Carl Jackson Stump, Jr.

January 19, 2006

Case No. CR05000946-00

BY JUDGE JONATHAN M. APGAR

These matters are before this Court on Defendant's *de novo* appeal from his conviction in Roanoke City General District Court for driving under the influence of alcohol ("DUI") in violation of Va. Code § 18.2-266. Defendant has filed a motion to dismiss this charge on the ground that the administrative suspension of his license for sixty days, pursuant to Va. Code § 46.2-391.2, renders a subsequent DUI prosecution and any associated criminal penalties violative of the Double Jeopardy clauses of the United States and Virginia Constitutions; U.S. Const., amend. V, cl. 2; Va. Const. art. I, § 8; and of Va. Code § 19.2-294.

Defendant further moves this Court to declare portions of Va. Code §§ 18.2-269 and 18.2-270 unconstitutional. He asserts that portions of these statutes are premised upon mandatory presumptions that impermissibly shift the burden of proof from the Commonwealth to the Defendant and thereby violate

his due process and confrontation rights under the U.S. and Virginia constitutions and his right to call for favorable evidence under the Constitution of Virginia. U.S. Const., amend. XIV, § 1, cl. 2; U.S. Const., amend. VI, cl. 2; Va. Const., art. I, § 8.

More fully discussed below, Defendant's motion to dismiss the DUI charge is overruled because the civil penalty of a sixty-day administrative license suspension ("ALS"), coupled with a subsequent DUI prosecution, is not violative of the Double Jeopardy clauses or of Va. Code § 19.2-294. This Court also declines to declare the applicable portions of Va. Code §§ 18.2-269 and 18.2-270 facially unconstitutional because they contain permissible inferences that do not shift the burden of persuasion to the Defendant, which are not mandatory presumptions as the Defendant contends. As such, the Commonwealth may submit evidence in reliance on these statutes so long as the fact-finder is free to assess all adduced evidence independently.

### Facts

On the night of July 29, 2004, Defendant Carl Jackson Stump was arrested for driving under the influence of alcohol in violation of Va. Code § 18.2-266. Va. Code § 18.2-266 provides, in pertinent part:

> It shall be unlawful for any person to drive or operate any motor vehicle . . . (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article. . . . A charge alleging a violation of this section shall support a conviction under clause[] (i).

Because this qualified as his second offense within ten years, his driver's license was suspended for a sixty-day period pursuant to Va. Code § 46.2-391.2.

Va. Code § 46.2-391.2(A) provides, in pertinent part:

> If a breath test is taken pursuant to § 18.2-268.2 or any similar ordinance and (i) the results show a blood alcohol content of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath . . . and upon issuance of a petition or summons, or upon issuance of a warrant by the magistrate, for a violation of . . . 18.2-266 . . . the person's license shall be suspended immediately. . . . The period of suspension of the

person's license or privilege to drive shall be seven days, unless the petition, summons, or warrant issued charges the person with a second or subsequent offense. If the person is charged with a second offense, the suspension shall be for 60 days. If not already expired, the period of suspension shall expire on the day and time of trial of the offense charged on the petition, summons, or warrant, except that it shall not so expire during the first seven days of the suspension.

Stump challenged the sixty-day ALS in the General District Court on double-jeopardy grounds, which was overruled by Judge M. Frederick King. He did not challenge the constitutionality of Va. Code §§ 18.2-266, 18.2-269, or 18.2-270, as he does here. Stump was tried and convicted in the General District Court and, having appealed, is scheduled for a *de novo* trial on the DUI offense in this Court, pending the current pretrial motions.

*Analysis*

*I. Motion to Dismiss the Va. Code § 18.2-266 DUI Charge*

A. *The Double Jeopardy Aspects of the Sixty-Day ALS in Va. Code § 46.2-391.2 Coupled with a Subsequent DUI Prosecution*

The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution provides that "no person [shall] be subject for the same offense to be twice put in jeopardy of life or limb." The double-jeopardy protections afforded in the Constitution of Virginia are co-extensive with those in the U.S. Constitution. Va. Const. art. I, § 8; *Bennefield v. Commonwealth*, 21 Va. App. 729, 739-40 (1996).

The clauses protect against multiple criminal punishments for the same offense in successive proceedings, among others. *Hudson v. United States*, 522 U.S. 93, 99 (1997). Civil penalties are not included within the constitutional meaning of the term *jeopardy*. *Id*. Ordinarily, legislatures may impose both civil and criminal sanctions for the same conduct without violating the defendant's double-jeopardy rights, even when the civil sanction has some punitive effect. *Id*.; *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938). In rare cases, however, a sanction with the façade of a civil penalty may actually constitute a criminal penalty in violation of the clauses. *Hudson*, 522 U.S. at 99; *United States v. Halper*, 490 U.S. 435, 451 (1989). This is the crux of Stump's argument.

In *Hudson v. United States*, the U.S. Supreme Court supplied the current test for determining whether a penalty, though called civil, is actually criminal. 522 U.S. at 99-100. Initially, it is a matter of statutory construction. *Id.* at 99. The first consideration is whether the legislature, "in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label over the other." *Id.*

Here, Virginia's appellate courts have interpreted, and the legislative history confirms, that the purpose of Va. Code § 46.2-391.2's ALS requirements is civil in nature. The Court of Appeals, relying on Supreme Court of Virginia precedent, has said, when previously interpreting the General Assembly's intent in codifying § 46.2-391.2's ALS requirement, that "the purpose of revoking a driver's license is not to punish the offender but to remove from the highways an operator who is a potential danger to other users." *Ingram v. Commonwealth*, 29 Va. App. 759, 763 (1999) (quoting *Prichard v. Battle*, 178 Va. 455, 463 (1942)). Similarly, the Court of Appeals said that the ALS in Va. Code § 46.2-391.2 "is a remedial sanction because its purpose is to protect the public from intoxicated drivers and to reduce alcohol related accidents and, therefore . . . it does not constitute punishment for purposes of double jeopardy." *Ingram*, 29 Va. App. at 763 (citing *Tench v. Commonwealth*, 21 Va. App. 200, 205-06 (1995)). Confirming this, the legislative history provides that the General Assembly was "motivated by its desire to reduce 'alcohol-related crashes, fatalities, and injuries'," and not to impose punishment. *Ingram*, 29 Va. App. at 763 (quoting S.J. Res. 172, 1989 Session (Va.)).

Nonetheless, where the legislature has indicated a civil penalty is involved, *Hudson* directs that further inquiry must be made as to whether "the statutory scheme was so punitive either in purpose or effect," as to "transform what was clearly intended as a civil remedy into a criminal penalty." *Ingram*, 29 Va. App. at 763 (quoting *Rex Trailer Co. v. United States*, 350 U.S. 148, 154 (1956)). In making this determination, seven factors apply:

> [W]hether the sanction involves an affirmative disability or restraint;
> [W]hether it has historically been regarded as a punishment;
> [W]hether it comes into play only on a finding of *scienter*;
> [W]hether its operation will promote the traditional aims of punishment B retribution and deterrence;
> [W]hether the behavior to which it applies is already a crime;
> [W]hether an alternative purpose to which it may rationally be connected is assignable for it; and

[W]hether it appears excessive in relation to the alternative purpose assigned.

*Hudson*, 522 at 99-100 (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)).

It must be noted for context that, prior to 1989, the Supreme Court employed these seven factors to determine whether a civil penalty actually constituted a criminal penalty for double-jeopardy purposes. *See Kennedy*, 372 U.S. at 168-69. In 1989, however, the Supreme Court markedly deviated from this and restricted this seven-factor test in *United States v. Halper*, making a civil penalty more suspect. 490 U.S. 435. After *Halper* was decided, the appellate courts of Virginia, and the highest court of all of the states confronting the double-jeopardy aspects of ALS requirements, upheld them under the more stringent *Halper* approach. *See Brame v. Commonwealth*, 252 Va. 122, 131 (1996). *Accord Deutschendorf v. People*, 920 P.2d 53 (Colo. 1996); *State v. Hickam*, 668 A.2d 1321 (Conn. 1995), *cert. denied*, 517 U.S. 1221 (1996); *State v. Higa*, 897 P.2d 928 (Haw. 1995); *State v. Talavera*, 905 P.2d 633 (Idaho 1995); *State v. Kocher*, 542 N.W.2d 556 (Iowa 1996); *State v. Mertz*, 907 P.2d 847 (Kan. 1995); *Butler v. Department of Pub. Safety & Corr.*, 609 So. 2d 790 (La. 1992); *State v. Savard*, 659 A.2d 1265 (Me. 1995); *State v. Jones*, 666 A.2d 128 (Md. 1995), *cert. denied*, 516 U.S. 1173 (1996); *Luk v. Commonwealth*, 658 N.E.2d 664 (Mass. 1995); *State v. Hanson*, 543 N.W.2d 84 (Minn. 1996); *State v. Mayo*, 915 S.W.2d 758 (Mo. 1996); *State v. Hansen*, 542 N.W.2d 424 (Neb. 1996), *cert. denied*, 517 U.S. 1249 (1996); *State v. Cassady*, 662 A.2d 955 (N.H. 1995); *State v. Kennedy*, 904 P.2d 1044 (N.M. 1995); *State v. Zimmerman*, 539 N.W.2d 49 (N.D. 1995); *State v. Strong*, 605 A.2d 510 (Vt. 1992). In 1997, the *Hudson* Court returned to the traditional test, a much easier test to meet than *Halper*, finding the departure "ill considered." *Hudson*, 522 U.S. at 101.

During the *Halper* era, the Supreme Court of Virginia determined in *Brame v. Commonwealth* that Va. Code § 46.2-391.2's *seven-day ALS requirement* was a civil, and not criminal, penalty for double-jeopardy purposes. 252 Va. 122, 132 ("[T]he remedial purpose of Virginia's seven-day administrative suspension provision is so clear and compelling that it overrides any incidental punitive effect the provision may have."). After the U.S. Supreme Court reverted back to the *Kennedy* seven-factor approach in *Hudson*, the Court of Appeals of Virginia was presented with the same question, only with different law. In *Ingram v. Commonwealth*, the Court of Appeals again determined that the seven-day ALS requirement was a civil, and not a criminal, penalty for double-jeopardy purposes. 29 Va. App. 759.

The appellate courts of Virginia, as Stump correctly identifies, have not yet examined whether a *sixty-day ALS* is a criminal penalty within the meaning of the Double Jeopardy clauses barring a subsequent DUI prosecution. This is of no moment, as the *Brame* and *Ingram* courts, among others, strongly indicate that the sixty-day ALS requirement in Va. Code § 46.2-391.2 is civil, and not criminal, just like its seven-day counterpart.

*Ingram*, in applying Va. Code § 46.2-391.2 to the seven *Hudson-Kennedy* factors, *overwhelmingly* determined the seven-day ALS requirement to be civil, and not criminal. *Id.* at 765-67 ("Therefore, here, like in *Hudson*, there simply is *very little showing* . . . that the administrative license suspension is criminal in nature.") (Internal quotations omitted and emphasis added.) The only difference between the current issue and that in *Ingram* and *Brame* is that the ALS here is 53 days longer. That does not change the result. *Ingram*, quoting *Brame*, provides:

> [T]he length of the period necessary to [accomplish the remedial purpose] is a matter within the sound discretion of the General Assembly, and [i]t can hardly be said the discretion has been abused in light of the fact that Virginia's seven-day period is shorter than any of the periods considered in . . . out-of-state cases . . . the majority [of which] have suspension periods of ninety days or more.

*Id.* at 767 (*quoting Brame*, 252 Va. at 133) (internal quotations omitted). *See also State v. Lomas*, 955 P.2d 678, 681 (Nev. 1998) (holding that a ninety-day minimum suspension was not excessive); *Powers v. Commonwealth*, 694 N.E.2d 324, 326-29 (Mass. 1998) (upholding an indefinite administrative suspension).

The General Assembly certainly could have determined that a repeat offender would be more likely to drive while intoxicated than someone convicted only once and, to protect other drivers, a sixty-day ALS would be proper.

The *Ingram* Court's overwhelming approval of the seven-day ALS and its approval of the other states with longer ALS requirements strongly suggests that our sixty-day ALS is civil, and not criminal, for double-jeopardy purposes. To decide otherwise, just because of 53 days, would fly in the face of *Ingram* and *Brame*, especially when: (1) the *Ingram* Court firmly concluded that the seven-day requirement is a civil penalty after thoroughly analyzing it under the six other *Hudson-Kennedy* factors; and (2) *Brame* endorsed a one-year ALS requirement as civil for refusing to permit the taking of a blood or breath test

under Va. Code § 18.2-268.3, decided under the stricter *Halper* test. *Brame*, 252 Va. at 130-33; *Ingram*, 29 Va. App. at 764-68. As the analysis under the other six factors does not change merely because the sixty-day ALS requirement is 53 days longer, the Court of Appeals' discussion is incorporated by reference and need not be repeated here. *See Ingram*, 29 Va. App. at 765-67 (examining the *Hudson-Kennedy* factors).

Furthermore, the Fourth Circuit has said that, "if a civil sanction serves a remedial purpose, the duration of the sanction does not necessarily make it punishment," upholding a one-year driving privilege suspension. *United States v. Imngren*, 98 F.3d 811, 816 (4th Cir. 1996); *see also United States v. Glymph*, 96 F.3d 722 (4th Cir. 1996) (four-year debarment from government contracting was remedial). Other federal circuits concur in periods much longer in duration than sixty days. *United States v. Stoller*, 78 F.3d 710 (1st Cir. 1996) (indefinite debarment order imposed by the FDIC was remedial); *United States v. Furlett*, 974 F.2d 839 (7th Cir. 1992) (total prohibition on commodities market trading was remedial); *United States v. Bizzell*, 921 F.2d 263 (10th Cir. 1990) (twenty-four month suspension from participation in a federal housing program was remedial). Finally, the *Hudson* Court itself determined an occupational debarment, a complete and indefinite penalty, was a civil, and not a criminal, penalty for double-jeopardy purposes. *Hudson*, 522 U.S. at 105.

Based on the above authority, the license suspension at issue here is civil in nature, meant to protect other drivers on the highway, among other non-punitive reasons, and does not bar a later criminal DUI prosecution under Va. Code § 18.2-266.

*B. Va. Code § 19.2-294*

Stump next argues that the triggering of the sixty-day ALS is a separate judicial proceeding that bars a subsequent DUI prosecution under Va. Code § 19.2-294. Va. Code § 19.2-294 provides, in pertinent part, that "[i]f the same act be a violation of two or more statutes . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others." *Brame* also specifically decided this issue. *Brame*, 252 Va. at 132-33. *See also Kennison v. Commonwealth*, No. 1688-97-4, 1999 Va. App. LEXIS 131, at *3-4 (Va. App. Feb. 23, 1999); *Whittemore v. Commonwealth*, No. 3005-95-4, 1997 Va. App. LEXIS 115, *1 (Va. App. Feb. 25, 1997). The touchstone here is the same under the double-jeopardy analysis, whether the ALS is civil or criminal. As already determined above, the sixty-day ALS is a civil penalty and does not bar a subsequent DUI prosecution.

As Va. Code § 46.2-391.2's sixty-day ALS requirement, coupled with a later DUI prosecution, neither offends the Double Jeopardy clauses, nor Va. Code § 19.2-294, the motion to dismiss is overruled.

### II. Motion to Declare Portions of
### Va. Code §§ 18.2-269 and 18.2-270 Unconstitutional

Stump also facially challenges the constitutionality of Va. Code §§ 18.2-269 and 18.2-270 as violating his due process and confrontation rights under the U.S. and Virginia Constitutions, and his right to call for favorable evidence under the Constitution of Virginia. U.S. Const., amend. XIV, § 1, cl. 2 ("[N]or shall any State deprive any person of life, liberty, or property without due process of law."); U.S. Const., amend. VI, cl. 2 ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."); Va. Const., art. I, § 8 ("That in criminal prosecutions a man hath a right . . . to be confronted with the accusers and witnesses, and to call for evidence in his favor. . . . He shall not be deprived of life or liberty, except by the law of the land or the judgment of his peers."). Stump does not provide a rationale as to why these statutory provisions would violate his confrontation rights and right to call for evidence in his favor, other than conclusory allegations. Stump argues that Va. Code § 18.2-269 unconstitutionally shifts the burden of proof to the defendant in violation of those rights. He then argues that Va. Code § 18.2-270, in light of a recent U.S. Supreme Court case, *United States v. Booker*, 543 U.S. 220 (2005), violates his constitutional rights.

This Court disagrees. These provisions carry permissible inferences, and not mandatory presumptions, which do not unconstitutionally shift the burden of persuasion. As such, any evidence introduced in reliance upon them is permissible as long as the fact-finder is free to weigh all adduced evidence independently.

As to the first claim, it must be noted that Stump really challenges Va. Code §§ 18.2-266(i) and 18.2-269(A)(3). Va. Code § 18.2-266(i), (ii), and (iv) make it a criminal offense to drive while under the influence of alcohol. Two presumptions are implicated when an accused is charged under each provision. First, Va. Code § 18.2-266(i) implies that where a blood alcohol test is administered and a reading of 0.08 or more is revealed, the accused is presumed to have been legally intoxicated at the time of the test and also at the time of the offense. Va. Code § 18.2-266 provides, in pertinent part:

> It shall be unlawful for any person to drive or operate any motor vehicle . . . (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or

0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article.

*Davis v. Commonwealth*, 8 Va. App. 291, 300 (1989), read Va. Code § 18.2-266(i) as creating a presumption that a finding of 0.08 percent by a chemical test means the person was intoxicated while driving. That Court determined that "because the blood alcohol concentration reflected by the chemical test necessarily resulted from alcohol consumed prior to or during driving, the test results are presumptive evidence of the blood alcohol concentration at the time of driving." *Id.*

Second, Va. Code § 18.2-269(A)(3) provides, for a prosecution under Va. Code §§ 18.2-266(ii) or (iv), that, where an accused has given a reading of 0.08 percent or moreXvia blood, breath, or otherwise, as administered pursuant to Va. Code §§ 18.2-268.1 to 18.2-268.12, he is presumed to have been legally intoxicated at the time of the test and also at the time of the offense.

Va. Code § 18.2-269(A) provides, in pertinent part:

In a prosecution for a violation of § 18.2-36.1 or clause (ii), (iii), or (iv) of § 18.2-266, or any similar ordinance, the amount of alcohol or drugs in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of a sample of the accused's blood or breath to determine the alcohol or drug content of his blood in accordance with the provisions of §§ 18.2-268.1 through 18.2-268.12 shall give rise to the following rebuttable presumptions. . . .

(3) If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense.

Both provisions essentially state the same thing: if a properly administered test indicated a blood alcohol level of 0.08 percent or more, the accused is *presumed* to have been legally intoxicated at the time of the test and is *presumed* to have been legally intoxicated during the commission of the offense. Thus, Stump actually challenges the constitutionality of the presumptions in Va. Code §§ 18.2-266(i) and 18.2-269(A)(3), despite the misnomers.

*A. Constitutionality of Va. Code §§ 18.2-266(i) and 18.2-269(A)(3)*

The Due Process clauses "protect[] the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Francis v. Franklin*, 471 U.S. 307, 313 (1985) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)). Due process rights under the U.S. and Virginia constitutions are co-extensive, not unlike double-jeopardy protections. *Winston v. Commonwealth*, 188 Va. 386 (1948). This is a "bedrock, axiomatic, and elementary constitutional principle" that "prohibits the State from using evidentiary presumptions . . . that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." *Francis*, 471 U.S. at 313 (internal quotations omitted). However, not all "presumptions" are *per se* unconstitutional. The threshold inquiry is whether the presumption is mandatory or permissible.

A mandatory presumption is one that "instructs the jury that it must infer the presumed fact if the State proves certain predicate facts" and "such presumptions violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of the offense." *Id.* There are two types of mandatory presumptions: (1) conclusive, and (2) rebuttable. Conclusive mandatory presumptions "remove[] the presumed element from the case once the [Commonwealth] has proved the predicate facts giving rise to the presumption," which is unconstitutional. *Id.* A rebuttable mandatory presumption "does not remove the presumed element from the case but nevertheless requires the jury to find the presumed element unless the defendant *persuades* the jury that such a finding is unwarranted," also unconstitutional. *Id.* (emphasis added). The Due Process clauses condemn this shifting of the burden of persuasion to the accused.

On the other hand, a permissive inference "suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion." *Id.* A permissive inference does not relieve the Commonwealth of its burden of persuasion "because it still requires the [Commonwealth] to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved," *id.*, and it is only violative of the Due Process clauses "if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Id.* (citing *Ulster County Court v. Allen*, 442 U.S. 140, 157-63 (1979)).

Stump contends that Va. Code §§ 18.2-266(i) and 18.2-269(A)(3) create mandatory rebuttable presumptions for two reasons: (1) upon introduction of a certificate of blood alcohol content ("BAC"), the Commonwealth is relieved of the burden of proving the element of intoxication; and (2) the Commonwealth is relieved of the burden of proving that the BAC level at the time the test was taken was the same as during the operation of the vehicle on the public highway.

Despite Stump's contentions, those provisions create permissible inferences, and not mandatory presumptions, for two reasons. First, the Supreme Court of Virginia in *Wilson v. Commonwealth* has said that, on a statute's face, "our general rule is to give rebuttable presumptions permissive or burden-of-production shifting effect only." *Wilson v. Commonwealth*, 225 Va. 33, 41 (1983). Secondly, even if the statute were not construed as a permissible inference by *Wilson*'s general rule, an analysis of the statutory provisions at issue, on their face, are permissive, and not mandatory.

*Wilson* involved Va. Code § 29-144.2, a deer-spotlighting statute, which the defendants argued created a mandatory presumption that placed the burden of proof on the defendants to prove they possessed their weapons with good cause. *Id.* at 39-40. The Supreme Court of Virginia held that the presumption of guilt was rebuttable and was to be "analyzed as a permissive inference, even if it was construed to require the defendants to produce some evidence of good cause." *Id.* at 42. Thus, *Wilson* instructs that Va. Code §§ 18.2-266(i) and 18.2-269(A)(3) should be given the saving interpretation of a permissive inference. This comports with U.S. Supreme Court jurisprudence that "every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trade*, 485 U.S. 568, 575 (1988) (quoting *Hooper v. California*, 155 U.S. 648, 657 (1895)). This construction is reasonable here, that those provisions do not require, but allow, the fact-finder to infer legal intoxication.

Nonetheless, an examination of the relevant DUI statutory provisions render Va. Code §§ 18.2-266(i) and 18.2-269(A)(3)'s presumptions as permissive inferences because they do not remove the element of alcohol content from the case (i.e., mandatory conclusive presumptions) and do not shift the burden of persuasion to the defendant (i.e., rebuttable conclusive presumptions). This is abundantly clear from Va. Code § 18.2-268.10, part of the Commonwealth's DUI statutes, that provides that "the court shall, regardless of the result of any blood or breath tests, consider *other relevant admissible evidence of the condition of the accused.*" Va. Code § 18.2-268.10(A) (emphasis added). That provision also provides that "the court or jury . . . shall determine the guilt or innocence of the defendant from all the evidence concerning his condition at the time of the offense." *Id.* § 18.2-268.10(D).

Here, upon admission of a BAC certificate into evidence by the Commonwealth, legal intoxication may be inferred, but is not proven. The defendant may then adduce evidence to the contrary during his case if he wishes. Pursuant to Va. Code § 18.2-268.10, the fact-finder is not required to accept the presumed fact of legal intoxication. Nor is the burden of persuasion shifted, as the Commonwealth must always prove, beyond a reasonable doubt, that the

defendant was legally intoxicated. Because the fact-finder must weigh all the evidence pursuant to Va. Code § 18.2-268.10, the burden of persuasion does not shift to the defendant, though the burden of production may, making the presumption a proper permissible inference.

The same analysis applies to the presumption that the BAC reading was the same as during the offense. When the BAC certificate is admitted, legal intoxication at the time of the offense may be inferred. The burden of production may shift to the defendant, but, pursuant to Va. Code § 18.2-268.10, the burden of persuasion never shifts. The fact-finder is still required to weigh all evidence, whether the defendant produces any or not. This makes the presumption a permissible inference, and not a mandatory presumption.

As such, the presumptions are permissive inferences under *Francis*, regardless of *Wilson*'s saving rule, and not mandatory conclusive or mandatory rebuttable presumptions. They do not violate due process principles. Nor is any reason suggested why these provisions would violate Stump's right to confrontation or his right to call for evidence in his favor, as he may challenge the BAC certificate at trial and he may investigate the admissibility requirements of the BAC test results before trial.

*B. Constitutionality of Va. Code § 18.2-270 in Light of United States v. Booker*

Stump also argues that the imposition of an enhanced punishment under Va. Code § 18.2-270 upon admission of a certificate of analysis of BAC is somehow unconstitutional under the holding of *United States v. Booker*, 543 U.S. 220. He argues that the rebuttable presumptions in the DUI laws shift the burden of proof, as did the mandatory sentencing guidelines invalidated in *Booker*, and this is impermissible because it relieves the Commonwealth of fully proving every element of an offense beyond a reasonable doubt.

This is essentially the same argument made above, but misapplies *Booker*. *Booker* invalidated the mandatory aspects of the federal sentencing guidelines, effectively making them advisory, because they only required the imposition of the enhanced penalties on a finding of proof by a preponderance of the evidence, and not by the beyond a reasonable doubt standard. *See generally id.* Va. Code § 18.2-270 does not reduce the evidentiary standard the Commonwealth must meet, like the sentencing guidelines, but still requires that a violation of its provisions be proved beyond a reasonable doubt.

A fixed criminal penalty under Va. Code § 18.2-270 relies on a violation of Va. Code § 18.2-266. Again, the presumption made under Va. Code § 18.2-266 applies here, that the admission of a BAC certificate of analysis creates a

permissible inference, and not a mandatory presumption, that may still be challenged under Va. Code § 18.2-268.10, that "the court shall, regardless of the result of any blood or breath tests, consider *other relevant admissible evidence of the condition of the accused*," and "the court or jury . . . shall determine the guilt or innocence of the defendant *from all the evidence concerning his condition at the time of the offense.*" Va. Code §§ 18.2-268.10(A), (D) (both emphases added). Again, this requires the fact-finder to weigh other evidence, the exact opposite of a mandatory presumption, and thus keeps the burden of persuasion with the Commonwealth at all times.

As such, Stump's motion to declare portions of Va. Code §§ 18.2-269 and 18.2-270, and really 18.2-266, unconstitutional is overruled.

*Conclusion*

The Commonwealth's DUI laws and their companion ALS requirements are constitutional. The sixty-day ALS requirement under Va. Code § 46.2-391.2(A), coupled with a later DUI prosecution, does not offend the Double Jeopardy clauses of the U.S. or Virginia Constitutions because the ALS is a civil, and not a criminal, penalty.

Similarly, the Commonwealth's DUI statutes do not contain unconstitutional mandatory presumptions on their face. They are, and should be read as, permissible inferences. The trier of fact is entitled to, and ought to, consider all the evidence introduced and reject the inferences as it deems it appropriate. Construed and applied as such, these presumptions do not violate any constitutional or statutory protection. The second part of this ruling, regarding the constitutionality of Va. Code §§ 18.2-266(i), 18.2-269(A)(3), and 18.2-270, is consonant with the opinion of the Honorable Robert W. Wooldridge, Jr., Judge of the 19th Judicial Circuit, in his letter opinion of January 4, 2006. *Commonwealth v. Padilla*, No. MI 2005-1551 (Fairfax County Cir. Ct. Jan. 4, 2006)