COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Clements and McClanahan
Argued at Richmond, Virginia


JUDITH ANN DEPSKY

                                                    OPINION BY
v.      Record No. 1546-06-2            JUDGE JEAN HARRISON CLEMENTS
                                                    OCTOBER 9, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

David D. Lentz for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Judith Ann Depsky (appellant) was convicted in a bench trial in the Circuit Court of

Chesterfield County (trial court) of driving under the influence (DUI), in violation of Code

§ 18.2-266. On appeal, she contends the trial court erred in ruling her conviction for DUI, after

her privilege to drive in Virginia had been suspended pursuant to the sixty-day suspension

provision in Code § 46.2-391.2 for the same offense, did not violate the constitutional

prohibition against double jeopardy. Finding no error, we affirm the trial court's judgment and

appellant's conviction.

## I. BACKGROUND

The relevant facts and procedural posture of this case are not in dispute.[1] On November

13, 2005, appellant was arrested in Clarke County and charged with DUI, first offense. Prior to

trial on that charge, appellant was arrested in Chesterfield County on February 1, 2006, and

---

[1] A written statement of facts was filed in lieu of a transcript, pursuant to Rule 5A:8.

charged with DUI, second offense. Testing in connection with the second arrest revealed that appellant had a blood alcohol concentration of 0.16%. Upon issuance of a warrant by the magistrate for DUI, second offense, appellant was served with notice that her privilege to drive in Virginia was administratively suspended for sixty days pursuant to Code § 46.2-391.2, effective immediately.[2]

At a February 10, 2006 scheduling hearing in the General District Court of Chesterfield County, appellant requested that the administrative suspension of her privilege to drive be reduced to seven days because she had not been convicted of a previous DUI offense. The court, however, took no action on her request and set trial for March 24, 2006.

On March 2, 2006, appellant was tried in the General District Court of Clarke County on the 2005 DUI charge. She was convicted only of reckless driving.

On March 10, 2006, appellant filed a motion with the General District Court of Chesterfield County to have her privilege to drive in Virginia restored. With the agreement of the Commonwealth, the court restored appellant's driving privilege on March 16, 2006.

On March 24, 2006, appellant was tried in the General District Court of Chesterfield County on the 2006 DUI charge. Rejecting appellant's claim that the prior administrative suspension of her privilege to drive in Virginia constituted a criminal sanction for purposes of double jeopardy, the court convicted her of DUI, first offense.

After appealing her conviction to the Circuit Court of Chesterfield County (trial court), appellant moved to have the 2006 DUI charge dismissed on double jeopardy grounds. She argued the administrative suspension of her privilege to drive in Virginia pursuant to the sixty-day suspension provision of Code § 46.2-391.2 constituted a criminal sanction. Thus, she

_____

[2] At the time of the second arrest, appellant had a commercial driver's license from Pennsylvania.

- 2 -

further argued, her subsequent criminal prosecution for the same offense was barred by the double jeopardy prohibitions of the United States and Virginia Constitutions. The trial court denied the motion and subsequently convicted appellant of DUI, first offense.

This appeal followed.

## II. ANALYSIS

On appeal, appellant contends the trial court erroneously ruled that the administrative suspension of her privilege to drive in Virginia pursuant to the sixty-day suspension provision of Code § 46.2-391.2 did not constitute a criminal sanction for double jeopardy purposes. Appellant acknowledges that this Court held in Ingram v. Commonwealth, 29 Va. App. 759, 514 S.E.2d 792 (1999), that the administrative suspension of a person's driving privilege pursuant to Code § 46.2-391.2 is a civil, rather than criminal, sanction and, thus, does not offend the constitutional prohibition against double jeopardy. She asserts, however, that, unlike the statute's seven-day-suspension provision applied in Ingram, the more recently enacted sixty-day suspension provision of Code § 46.2-391.2 applied in this case constitutes a criminal sanction because of its excessive length. As such, she argues, it offends federal and state double jeopardy protections since it permits a defendant to be twice placed in jeopardy as a result of the administrative suspension and the subsequent prosecution for the same DUI offense. Accordingly, she concludes, the trial court erred in refusing to dismiss the 2006 DUI charge on double jeopardy grounds.

In response, the Commonwealth contends that, even though the length of the administrative suspension at issue in this case is longer than the length of the suspension at issue in Ingram, this Court's underlying rationale and holding in Ingram are equally applicable to this case. Consistent with that rationale and holding, the Commonwealth argues, the administrative suspension of appellant's privilege to drive in Virginia pursuant to the sixty-day suspension

provision of Code § 46.2-391.2 was a civil sanction and, thus, did not offend federal or state double jeopardy protections. Accordingly, the Commonwealth concludes, the trial court did not err in denying appellant's motion to dismiss the 2006 DUI charge on double jeopardy grounds. We agree with the Commonwealth.

As relevant here, "[t]he double jeopardy clauses of the United States and the Virginia constitutions . . . protect against . . . multiple punishments for the same offense." Commonwealth v. Hudgins, 269 Va. 602, 604-05, 611 S.E.2d 362, 364 (2005). "Thus, subjecting a defendant to cumulative punishments for the 'same offense' violates both state and federal protections against double jeopardy." Schwartz v. Commonwealth, 45 Va. App. 407, 440, 611 S.E.2d 631, 647 (2005). However, the constitutional prohibition against double jeopardy "'protects only against multiple *criminal* punishments for the same offense . . . in successive proceedings.'" Dorsey v. Commonwealth, 32 Va. App. 154, 161, 526 S.E.2d 787, 790 (2000) (quoting Hudson v. United States, 522 U.S. 93, 99 (1997)); see also Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 230 (2002) ("Virginia's constitutional guarantee against double jeopardy affords a defendant the same guarantees as the federal Double Jeopardy Clause."). Accordingly, the imposition of a sanction that is civil, rather than criminal, in nature does not implicate double jeopardy principles. See Dorsey, 32 Va. App. at 165, 526 S.E.2d at 792. In other words, the imposition of civil sanctions in connection with a criminal charge does not bar the subsequent criminal prosecution for the same charge. Id. The dispositive question before us, then, is whether the administrative suspension of a person's privilege to drive in Virginia pursuant to the sixty-day suspension provision of Code § 46.2-391.2 constitutes a criminal sanction, as appellant asserts.

In Hudson, the United States Supreme Court set forth the current two-part test to be used to determine whether a particular sanction is civil or criminal:

> A court must first ask whether the legislature, "in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or another." [United States v. Ward, 448 U.S. 242, 248 (1980)]. Even in those cases where the legislature "has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive in purpose or effect," id. at 248-49, as to "transform what was clearly intended as a civil remedy into a criminal penalty," Rex Trailer Co. v. United States, 350 U.S. 148, 154 (1956).

Hudson, 522 U.S. at 99. Regarding the latter inquiry, the Supreme Court provided in Hudson the following "useful guideposts" for determining whether a civil sanction has been transformed into a criminal sanction:

> (1) "whether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of *scienter*"; (4) "whether its operation will promote the traditional aims of punishment—retribution or deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."

Id. at 99-100 (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963)). "As the Court emphasized, however, 'these factors must be considered in relation to the statute on its face, and only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.'" Dorsey, 32 Va. App. at 162, 526 S.E.2d at 791 (quoting Hudson, 522 U.S. at 100).

Here, appellant's privilege to drive in Virginia was administratively suspended pursuant to Code § 46.2-391.2(A), which provides, in pertinent part, as follows:

> If a breath test is taken pursuant to [Code] § 18.2-268.2 or any similar ordinance and . . . the results show a blood alcohol content of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath . . . and . . . upon issuance of a warrant by the magistrate, for a violation of . . . [Code] § 18.2-266 . . . , the person's license shall be suspended immediately or in the case of . . . a person whose driver's license is from a jurisdiction other than the Commonwealth, such person's

- 5 -

privilege to operate a motor vehicle in the Commonwealth shall be suspended immediately. The period of suspension of the person's license or privilege to drive shall be seven days, unless the . . . warrant issued charges the person with a second or subsequent offense. If the person is charged with a second offense the suspension shall be for 60 days.

Because the 2006 warrant issued by the magistrate charged appellant with a second DUI offense, her privilege to drive in Virginia was administratively suspended pursuant to the sixty-day suspension provision of Code § 46.2-391.2.

In Ingram, "the Commonwealth administratively suspended [Ingram's] operator's license for seven days pursuant to Code § 46.2-391.2." 29 Va. App. at 761, 514 S.E.2d at 793. On appeal to this Court, Ingram argued "that the suspension was punitive and that his subsequent DUI conviction violated the Double Jeopardy Clause." Id. Applying the first part of the test set forth in Hudson, we held that "the legislature clearly intended for the administrative license suspension to be a civil sanction." Id. at 765, 514 S.E.2d at 795. In reaching that decision, we observed that the purpose of the administrative suspension was "'not to punish the offender but to remove from the highways an operator who is a potential danger to other users.'" Id. at 763, 514 S.E.2d at 794 (quoting Tench v. Commonwealth, 21 Va. App. 200, 205, 462 S.E.2d 922, 924 (1995)). We further observed that "the legislative history behind the enactment of the suspension statute . . . provided that the legislature was 'motivated by its desire to reduce alcohol-related crashes, fatalities, and injuries.'" Id. (quoting Tench, 21 Va. App. at 205, 462 S.E.2d at 924). We concluded, therefore, that the legislature's manifest intent in enacting the administrative suspension provision of Code § 46.2-391.2 was to establish "'a remedial sanction [whose] purpose is to protect the public from intoxicated drivers and to reduce alcohol-related accidents.'" Id. (quoting Tench, 21 Va. App. at 205, 462 S.E.2d at 924).

We then turned in Ingram to the second prong of the test set forth in Hudson, namely, the issue whether the remedial seven-day administrative suspension pursuant to Code

§ 46.2-391.2 was so punitive in effect that it was transformed into a criminal sanction. Expressly applying each of the seven factors outlined in Hudson, we held that the administrative suspension was "not so punitive as to transform 'a civil remedy into a criminal penalty.'" Id. at 765, 514 S.E.2d at 795.

Although our analysis in Ingram dealt solely with the administrative suspension of a person's privilege to drive in Virginia pursuant to the seven-day-suspension provision of Code § 46.2-391.2, we conclude that the same reasoning equally applies to the administrative suspension of a person's privilege to drive pursuant to the sixty-day suspension provision of Code § 46.2-391.2. The fifty-three day increase in the length of the period of the suspension does not alter the result of our analysis.

For one thing, the longer period of the suspension has no direct bearing on the statute's underlying purpose. Whether the suspension period is seven or sixty days, the administrative suspension of a person's privilege to drive in Virginia pursuant to Code § 46.2-391.2 is intended to remove dangerous drivers from the highways and thus protect the safety and welfare of other users. See Brame v. Commonwealth, 252 Va. 122, 133, 476 S.E.2d 177, 183 (1996) (holding that the administrative suspension prescribed by Code § 46.2-391.2 has a "clear, overriding remedial purpose"); Tench, 21 Va. App. at 205, 462 S.E.2d at 924 ("We hold that automatic license suspension under Code § 46.2-391.2 is a remedial sanction because its purpose is to protect the public from intoxicated drivers and to reduce alcohol-related accidents."). Indeed, that remedial purpose of protecting the public from harm is actually better served by the longer sixty-day suspension period. Moreover, because a person charged with a second DUI offense presumably poses a greater potential risk to the safety and welfare of the public than a person who has only been charged once, the enhanced civil sanction is consistent with the statute's remedial purpose. We conclude, therefore, that the legislature intended the administrative

- 7 -

suspension of a person's privilege to drive pursuant to the sixty-day suspension provision of

Code § 46.2-391.2 to be a civil, rather than criminal, sanction.

Likewise, notwithstanding appellant's claim to the contrary, we conclude the increased

suspension period is not so punitive in effect as to transform a remedial, civil sanction into a

criminal sanction. Focusing primarily on the seventh Hudson factor, appellant argues the

sixty-day suspension period is "too long to pass constitutional muster under the Double Jeopardy

provisions of the United States and Virginia Constitutions" because "the length of the suspension

clearly exceeds any remedial purpose envisioned by the General Assembly." However, as we

specifically noted in Ingram,

> "the length of the period necessary to [accomplish the remedial
> purpose] is a matter within the sound discretion of the General
> Assembly," and "it can hardly be said the discretion has been
> abused in light of the fact that Virginia's [suspension] period is
> shorter than . . . the periods considered [and upheld for double
> jeopardy purposes] in . . . out-of-state cases . . . the majority [of
> which] have suspension periods of ninety days or more."

29 Va. App. at 767, 514 S.E.2d at 796 (first and fourth alterations in original) (quoting Brame,

252 Va. at 133, 476 S.E.2d at 183) (citing State v. Lomas, 955 P.2d 678, 681 (Nev. 1998)

(holding that a ninety-day-minimum administrative suspension is not excessive) and Powers v.

Commonwealth, 694 N.E.2d 324, 326, 328-29 (Mass. 1998) (upholding an indefinite

administrative suspension)). Accordingly, we cannot say that Code § 46.2-391.2's sixty-day

suspension period is excessive relative to the statute's remedial purpose.

Our consideration in Ingram of the six other Hudson factors is similarly applicable to the

statute's sixty-day suspension period:

> First, the [sixty-day] administrative suspension does not
> involve an affirmative restraint, for it is "certainly nothing
> approaching the 'infamous punishment' of imprisonment."
> Hudson, 522 U.S. at 104 (quoting Flemming v. Nestor, 363 U.S.
> 603, 617 (1960)). "If occupational debarment from the banking
> industry [in Hudson] cannot be considered an affirmative disability

or restraint, then quite obviously the temporary suspension of [one's] driving privilege also cannot be so considered." Lomas, 955 P.2d at 681.

Second, drivers' license suspensions historically have not been considered punishment in Virginia. See, e.g., Brame, 252 Va. at 130-31, 476 S.E.2d at 181-82. The "'revocation of a privilege voluntarily granted'" is an act which "'is characteristically free of the punitive criminal element.'" Hudson, 522 U.S. at 104 (quoting Helvering v. Mitchell, 303 U.S. 391, 399 & n.2 (1938)); see also Commonwealth v. Ellett, 174 Va. 403, 414, 4 S.E.2d 762, 767 (1939) ("The operation of a motor vehicle . . . is a conditional privilege, which may be suspended or revoked under the police power. . . . [It] is not a contract or property right in a constitutional sense.").

Third, the administrative license suspension does not come into play "only on a finding of *scienter*," although the portion of the statute providing for suspension upon refusal to submit to testing may involve a finding of scienter. See Code § 46.2-391.2; see also [State v.] Price, 510 S.E.2d [215,] 219 [(S.C. 1998)] (under statute providing for suspension only for refusal to take test, noting that "although the sanction . . . does come into play only on a finding of scienter, . . . no one of the factors alone is dispositive").

Fourth, although the statute may "promote the traditional aims of punishment—retribution and deterrence," Hudson, 522 U.S. at 99, "this element is present in any loss of license or privilege and is not the primary focus of the statutory scheme," State v. Strong, 605 A.2d 510, 513 (Vt. 1992) (decided under [United States v.] Halper[, 490 U.S. 435 (1989)]), cited with approval in Brame, 252 Va. at 131-32, 476 S.E.2d at 182-83. Further, "although deterrence is a traditional goal of criminal punishment, . . . deterrence also may serve civil goals," such as "deterring drivers who entertain the idea of driving while intoxicated and . . . discouraging drivers whose licenses have been revoked from engaging in similar misconduct in the future." Lomas, 955 P.2d at 682.

Fifth, although the behavior to which the administrative license suspension applies is already a crime, "this fact is insufficient to render the [sanction] criminally punitive, particularly in the double jeopardy context." Hudson, 522 U.S. at 105; see United States v. Ursery, 518 U.S. 267, 292 (1996) ("It is well settled that '[a legislature] may impose both a criminal and a civil sanction in respect to the same act or omission.'" (quoting Helvering, 303 U.S. at 399)).

> Sixth, the administrative license suspension statute is rationally connected to a purpose other than criminal punishment, for it furthers the government's remedial goal of maintaining safety on public roads. See Brame, 252 Va. at 133, 476 S.E.2d at 183; Tench, 21 Va. App. at 205, 462 S.E.2d at 924.

Ingram, 29 Va. App. at 765-67, 514 S.E.2d at 795-96 (non-citational alterations, except first, in original).

Thus, like in Ingram, "'there simply is very little showing, to say nothing of the "clearest proof" required'" to override legislative intent and transform the remedial sixty-day administrative suspension prescribed by Code § 46.2-391.2 into a criminal sanction. Id. at 767, 514 S.E.2d at 796 (quoting Hudson, 522 U.S. at 105). We hold, therefore, that, notwithstanding any incidental punitive effect it may have, the sixty-day administrative suspension of a person's privilege to drive in Virginia pursuant to Code § 46.2-391.2 constitutes a civil sanction and, thus, does not offend the constitutional prohibition against double jeopardy.

Appellant further contends Code § 46.2-391.2's sixty-day suspension provision was punitive as applied to her in violation of her right not to be placed in jeopardy twice for the same offense because she had not been convicted of a previous DUI offense. However, "as the United States Supreme Court noted in Hudson, a court determining whether a supposed civil sanction constitutes punishment for purposes of double jeopardy must 'evaluate the statute on its face,' rather than 'the character of the actual sanctions imposed.'" Id. at 768, 514 S.E.2d at 796 (quoting Hudson, 522 U.S. at 101). Indeed, "[a]ny deviation from proper procedure does not change the fundamental character of [a] sanction [that] is civil and remedial." Id. at 768, 514 S.E.2d at 797. Moreover, a statutory scheme, "found to be civil, cannot be deemed punitive 'as applied' to a single individual in violation of the Double Jeopardy . . . Clause[]." Selig v. Young, 531 U.S. 250, 267 (2001).

Consequently, to the extent appellant claims the sixty-day suspension provision was improperly applied to her, her "remedy was to challenge the suspension as provided in the statute" during the suspension period. Ingram, 29 Va. App. at 768, 514 S.E.2d at 797; see Easter v. Commonwealth, 31 Va. App. 714, 718-19, 525 S.E.2d 592, 594 (2000) (noting that Code § 46.2-391.2(C) "allows the accused to immediately challenge the administrative suspension in a civil proceeding" during the "period of the suspension, [and] does not limit the permissible grounds of review"). Although appellant apparently chose to dispense with that remedy when she failed to obtain a ruling from the general district court on her request to reduce the administrative suspension, the court later terminated the suspension and restored appellant's privilege to drive in Virginia.

For these reasons, we conclude that appellant's subsequent conviction for DUI did not violate her double jeopardy rights.

III. CONCLUSION

Accordingly, we affirm the trial court's decision denying appellant's motion to dismiss the 2006 DUI charge on double jeopardy grounds, and we affirm appellant's conviction on that charge.

Affirmed.